BEBEE ET AL., RESPONDENTS, *v.* JACKSON ET AL., APPEL-LANTS.

(No. 2,112.)

(Submitted March 13, 1905.  Decided March 18, 1905.)

*Injunctions—Action on Bond—Complaint—Insufficiency.*

1. A complaint in an action on an injunction bond is fatally defective where it fails to state that the damages claimed by plaintiffs have not been paid.

*Appeal from District Court, Carbon County; Frank Henry, Judge.*

ACTION by H. R. Bebee and another against George J. Jackson and others.  From a judgment for plaintiffs, certain defendants appeal.  Reversed.

*Mr. Jno. T. Smith,* and *Mr. Geo. W. Pierson,* for Appellants.

*Mr. Sydney Fox* and *Messrs. Word & Word,* for Respondents.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court. Appeal from a judgment. Action upon an injunction bond.

The complaint alleges, among other matters, that certain of the defendants to this suit instituted an action against plaintiffs herein and others on January 11, 1901, for the purpose of enjoining them from using the waters of Red Lodge creek; that such injunction was granted upon the giving of an undertaking; and that on March 3, 1902, the injunction suit was heard, and a decree entered in favor of the defendants therein. The complaint further alleges plaintiffs' damages on account of the issuance and service of said injunction, and prays for judgment against the principals and sureties on said undertaking for the amount of the alleged damages. The case was tried before a jury, which returned a verdict in favor of plaintiffs, and judgment was entered thereon.

The appellants, among other errors assigned, insist that the complaint does not state facts sufficient to constitute a cause of action, in that "it fails to allege that the damages claimed by plaintiffs, or either of them, have not been paid." Such allegation is entirely absent from the complaint. It is necessary to the sufficiency of a complaint, under the decisions of this court in *Van Horn* v. *Holt et al.,* 30 Mont. 69, 75 Pac. 680, and *State* v. *Lagoni et al.,* 30 Mont. 472, 76 Pac. 1044.

We therefore advise that the judgment appealed from be reversed, and the cause remanded.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*