YANCEY ET AL., RESPONDENTS, *v.* NORTHERN PACIFIC RAILWAY CO., APPELLANT.

(No. 2,920.)

(Submitted November 22, 1910. Decided December 12, 1910.)

[112 Pac. 533.]

*Assignment—Counterclaims—Conversion—Waiver of Tort—Assumpsit—Nonpayment—Pleading and Proof—Variance.*

Pleading and Proof—Variance.
1. Plaintiffs alleged in their complaint in an action to recover on an assignment of wages that such assignment had been made to them as a firm. One of them, in narrating at the trial the circumstances leading to the transaction, used terms which, standing alone, would lead to an inference that he alone was concerned in it. *Held* that, viewing the evidence as a whole, there was no variance between it and the pleading in this regard.

Conversion—Waiver of Tort—*Assumpsit.*

    2.   Where one's goods are taken and converted by another, the owner may, if the facts warrant it, proceed either in claim and delivery or for damages for their conversion, or he may waive the tort and sue upon an implied promise for the value of the goods.

Counterclaim—Nature of Pleading—Sufficiency—How Determined.

    3.   A counterclaim is in effect a complaint on the part of defendant against plaintiff, and its sufficiency as a pleading must be determined by the same rules which are applied in ascertaining the sufficiency of a complaint.

Breach of Contract—Nonpayment—Pleading and Proof.

    4.   In an action for the breach of a contract, whether express or implied, where the failure to pay constitutes the breach, the plaintiff must allege, and thereupon prove, nonpayment.

Assignment—Wages—Counterclaim—Nonpayment—Burden of Proof.

    5.   Plaintiffs sued defendant railway company to recover on an assignment of wages to them by one of its trainmen.   Defendant as a setoff or counterclaim alleged that the assignor had converted goods belonging to it and thereby become indebted to it in a certain sum, and that such amount had not been paid.   *Held,* that the allegation of nonpayment in the counterclaim was a material one, the burden of proving which rested upon defendant, and that for failure to substantiate its claim in this regard, verdict properly went against it.

*Appeal from District Court, Park County; Frank Henry, Judge.*

ACTION by Dan Yancey and another, copartners as Yancey & Laurens, against the Northern Pacific Railway Company.   From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals.   Affirmed.

*Mr. Wm. Wallace, Jr., Mr. John G. Brown, Mr. R. F. Gaines,* and *Mr. A. P. Stark* filed a brief in behalf of Appellant.   *Mr. Wallace* argued the cause orally.

As the assignment of the claim from Malone to Yancey & Laurens is the very foundation of the plaintiffs' cause of action as set forth in the complaint, and as there was no proof introduced tending to support this allegation, there is a total failure of proof to sustain the verdict and judgment.

Where the plaintiffs sue jointly, proof of a liability from the defendant to one plaintiff alone does not support the cause of action disclosed in the declaration.   (*Strickland* v. *Burns,* 14 Ala. 511.)   An answer alleging a joint loan to both plaintiffs is not sustained by proof of a loan to one of them individually.

(*York* v. *Fortenbury,* 15 Colo. 129, 25 Pac. 163.)   A declaration on a promise made to plaintiffs, who were husband and wife, jointly, and proof of a promise to her before marriage, is a fatal variance.   (*Bunnell* v. *Taintor,* 5 Conn. 273.)   An allegation of a partnership contract is not sustained by evidence of an individual contract.   (13 Ency. of Ev. 667; *Black* v. *Struthers,* 11 Iowa, 459; *Ulrick* v. *Ragan,* 11 Ala. 529; *Hartman* v. *Belden et al.,* 38 Wash. 655, 80 Pac. 806.)   Where a good action at law is brought by several plaintiffs, and there is no prayer for a several recovery, it can only be sustained by showing a joint right of recovery in all of the plaintiffs.   (*Glore* v. *Scroggins,* 124 Ga. 922, 53 S. E. 690.)

The court charged that the defendant could waive the tort, and offset against the wages earned by Malone the reasonable value of the freight converted by him before it was notified of the assignment.   This became the law of the case, which the jury was bound to apply to the evidence.   (*Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1061, 43 Pac. 714; *McAllister* v. *Rocky Ford Coal Co.,* 31 Mont. 359, 78 Pac. 595; *Bliss* v. *Walcott,* 40 Mont. 491, 135 Am. St. Rep. 636, 107 Pac. 423.)   It was also a correct declaration of the law.   (See Revised Codes, sec. 6542, subd. 1; *Fountain* v. *City,* 1 Cal. App. 461, 82 Pac. 637.)   The evidence shows that after deducting the value of the goods converted by Malone, there was a balance of $11.82 due.   Where a verdict is rendered against a defendant for ten times the amount to which the plaintiffs are entitled under the evidence and also in the face of a charge demanding a different result, it would seem to be self-evident that the verdict was given under the influence of passion and prejudice against the defendant.

In behalf of Respondents, *Mr. Dan Yancey* submitted a brief and argued the cause orally.

A partner is the trustee of an express trust as to the other partners, and even if he take an assignment in his own name, it will be considered in the law to belong to the partnership funds, and in this case, if appellant should pay the judgment,

there could be no contention but that both plaintiffs would be bound by the receipt of either partner.   Payment to one partner is sufficient; also settlements, releases, etc.   (30 Cyc. 498.) A partnership is now looked upon as an entity.   (30 Cyc. 423.) Where, as in this case, assignment was by parol, the issue as to whether or not there has been an assignment is one for the jury.   (4 Cyc. 112.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action alleges that on February 8, 1909, the defendant railway company was indebted to W. A. Malone in the sum of $140 for wages earned by Malone while employed by the railway company as a locomotive fireman; that on February 8, 1909, for a valuable consideration, Malone assigned his claim for wages to the plaintiffs; that plaintiffs notified the railway company of the assignment and demanded payment of the amount of the claim; and that this demand was refused.   The answer of the railway company denies any indebtedness to Malone, denies any sufficient knowledge to form a belief as to whether Malone made an assignment to plaintiffs, and whether plaintiffs notified the defendant or demanded payment.   As a setoff or counterclaim, it is alleged that on February 7, 1909, Malone had earned not more than $110 by reason of his employment by the railway company, and "(2) that between the first day of September, 1908, and the fifth day of February, 1909, the said W. A. Malone took from the possession of the defendant, and converted to his own use certain goods, wares and merchandise belonging to the defendant, of the value of $500, and thereby became indebted to the defendant in the sum of $500; that the said Malone did not at any time, or at all, pay the defendant for said goods, wares, or merchandise, and that amount has never been paid; and that on the seventh day of February, 1909, the indebtedness of said Malone to defendant more than offset the amount which had been earned by him as above set forth."   The cause originated in a justice of the peace court,

was appealed to the district court, and there submitted to the
court sitting with a jury. A verdict was returned in favor of
the plaintiffs for $117.65, and judgment was rendered and en-
tered thereon. From that judgment and an order denying it
a new trial the defendant railway company appealed. In their
brief counsel for appellant say: "Two questions arise: Variance
and the amount of the verdict."

1. It is claimed that there is a fatal variance between the
pleading on the part of the plaintiffs and the proof offered by
them in support thereof, in this: That, while the complaint counts
upon an assignment of a claim to Yancey & Laurens, the evidence
shows an assignment to the plaintiff Yancey alone. The only
evidence in the record touching the assignment is that furnished
by the testimony of plaintiff Yancey himself, as follows: "Mr.
Malone was indebted to Mr. Laurens and myself for services as
his attorney, and also for money advanced. * * * I had
several talks with Mr. Malone, and he engaged me to represent
him as counsel, Mr. Laurens and I, and we were to get our pay
some way or other; and in talking this matter over he said to
me, 'I will give you my pay for January and February. I have
worked up until yesterday,' I think he said, and I accepted
that as pay for my work, and for money I was to advance him
and other people; just a verbal statement that he assigned it to
me, his time, what he had coming from the Northern Pacific
Railway Company for the months of January and February,
1909. This was the eighth day of this last February this con-
versation occurred." While there does not appear to be any
excuse for the witness' use of the singular pronouns "I," "my,"
and "me," yet it does seem a fair construction of the testimony
as a whole that the assignment was made to Yancey & Laurens.
The transaction apparently took ·place between Malone and
Yancey, but it was the firm which had been employed by Malone,
and the language, "I will give you my pay for January and
February," is not only consistent with the idea that Malone
employed the pronoun "you" as plural, but is really inconsistent
with any other view. If this is correct, and Malone actually

made the assignment to Yancey & Laurens, it is wholly immaterial that Yancey may have given undue prominence in his testimony to one particular member of the firm.

2. The other contention made is that the verdict is so far excessive as to show passion and prejudice on the part of the jury in returning it.   This contention is based upon the theory that if the jury had allowed the defendant's counterclaim for the difference between the value of the goods converted and the value of the goods which the evidence shows were returned, the verdict could not have exceeded $11.82.   In their briefs both parties to this action treat the evidence in the record as proving whatever it tends to prove.   Upon that theory we may say that the evidence proves these facts: (1) That during January and up to February 8, 1909, Malone earned $117.66 by reason of his employment by the railway company; (2) that his claim for that amount was assigned to the plaintiffs on February 8, and was not paid; (3) that between September 1, 1908, and February 8, 1909, Malone had converted goods belonging to the defendant company of the value of $241.92; and (4) that of these goods so converted a portion thereof of the value of $136.08 had been reclaimed by, and returned to, the railway company before this action was commenced.   It must be conceded at once that, in case the goods of one person are taken and converted by another, the owner may, if the facts warrant it, proceed either in claim and delivery or for damages for the conversion, or he may waive the tort and sue upon the implied promise for the value of the goods.   (*Yore* v. *Murphy*, 10 Mont. 304, 25 Pac. 1039.)   A counterclaim is in effect a complaint on the part of the defendant against the plaintiff, and its sufficiency as a pleading is to be determined by the same rules which are applied to determine the sufficiency of a complaint.   (Bliss on Code Pleading, sec. 367.)

Omitting for the present any reference to the assignment by Malone to plaintiffs, and the counterclaim pleaded in this action is in effect a complaint by the railway company against Malone for the value of the goods converted and not returned.   In other words, the railway company waived the tort, and is now seeking

to recover the value of the goods as though they had been sold and delivered to Malone, who impliedly promised to pay for them.  We adopt the following from 16 Encyclopedia of Pleading and Practice, 178: "Whatever, in general, it is necessary for a plaintiff to prove to make out his cause of action, it is necessary for him to allege in his complaint, and whatever facts it is necessary for a plaintiff to allege it 'follows as a logical sequence' must be proved."  So manifestly just and sensible is this rule, that one is surprised to find that it is not universally recognized and applied.  While many courts refuse to follow it, we insist that any other rule leads to the most absurd results.

To determine upon whom rests the burden of proof in this instance, then, it is only necessary to determine what allegations are necessary to state a cause of action for goods sold and delivered, where the law implies a promise to pay.  The action is upon the contract, and therefore the complaint must allege a breach.  In *Lent* v. *New York & M. Ry. Co.,* 130 N. Y. 504, 29 N. E. 988, the court said: "It does not admit of controversy that, upon an ordinary contract for the payment of money, nonpayment is the fact which constitutes the breach of the contract and is the essence of the cause of action, and, being such within the rule of the Code, it must be alleged in the complaint."

In *Frisch* v. *Caler,* 21 Cal. 71, the same rule is announced as follows: "In an action for the breach of a contract, it is necessary to allege that the contract has been broken, and there is no difference in this respect between a promissory note and other contracts.  The failure to pay constitutes the breach and must be alleged."  In *Hershfield* v. *Aiken,* 3 Mont. 442, this court referred to the case of *Frisch* v. *Caler,* above, and held that in an action on a promissory note the complaint which did not allege nonpayment did not allege a breach of the contract.  In *Burke* v. *Interstate S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879, it was assumed that in an action upon a promissory note the plaintiff must allege nonpayment.  In *Van Horn* v. *Holt,* 30 Mont. 69, 75 Pac. 680, the action was upon an injunction bond, and we said: "This action is upon the bond,

and plaintiff sets forth at length the damages which he suffered by reason of the injunction, but does not say that such damages have not been paid.  The gist of the action—that which gives rise to the action—is the failure of Howard or his sureties (appellants here) to pay such damages, or, in other words, the gist of the action is the breach of the contract; and, in the absence of an allegation of a failure to pay, there is no allegation of any breach whatever, and consequently nothing which can give rise to an action."  In *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044, in considering an action on a bail bond or recognizance, this court said: "The complaint is also fatally defective because it fails to state that the amount due the plaintiff by the terms of the undertaking has not been paid."  *Bebee* v. *Jackson,* 32 Mont. 217, 79 Pac. 1051, was an action upon an injunction bond, and upon the authority of the last two cases we again held that the allegation of nonpayment is "necessary to the sufficiency of the complaint."

If the allegation of nonpayment is necessary in an action upon an express contract, it is equally necessary upon an implied contract.  Our conclusion is that the allegation of nonpayment in this counterclaim is a material allegation—one necessary to state a cause of action—and, being deemed denied, must be proved; and the defendant, having the affirmative of that issue, had the burden of proof.  (Revised Codes, sec. 7886.)  Since the defendant failed to prove nonpayment, it failed to establish its counterclaim, and the verdict returned was fully justified.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.