## GERMAN-AMERICAN INS. CO. OF NEW YORK v. LEE.

No. 4707.   Opinion Filed June 22, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 642.)

1. **PLEADING—Departure—What Constitutes.** Plaintiff filed suit to recover upon an insurance policy, and, among other things, alleged "that he has in all matters performed all the conditions of the said policy." Defendant answered that plaintiff had breached the policy by mortgaging the property in violation of the terms of the policy. Plaintiff, in his reply, pleaded that defendant, by its own conduct (setting out the facts), was estopped from claiming that the policy had been so breached. **Held,** there was no departure.

2. **INSURANCE—Fire Policies—Actions.** Where it is stated in an insurance policy that the company insures certain property "while contained in the building and its additions above described," it is incumbent upon plaintiff to allege and prove that the property destroyed was therein contained at the time of the loss.

3. **SAME—Petition.** Where the petition alleges that the property insured was located in the building described in the policy on the 7th day of March, 1912, and in another paragraph alleges that on the 7th day of March, 1912, the said property was destroyed, it will be inferred that the pleader intended to allege that the property was so located at the time of the fire, and the pleadings will be held sufficient on that point.

4. **SAME—Proofs of Loss—Evidence.** Where plaintiff testifies that he furnished proof of loss in writing to defendant's agent within

60 days after the fire, but the proof of loss or copy thereof was not introduced in evidence, and no evidence was offered as to its contents, it is **held,** in the absence of any showing upon the part of the defendant that the proof of loss so furnished was not sufficient, that the evidence was sufficient to establish the fact that proof of loss was furnished in conformity with the terms of the policy.

5. **SAME—Waiver of Conditions—Permission to Mortgage.** Plaintiff delivered a certain insurance policy to the agent of defendant and requested him to indorse thereon permission to mortgage same. The agent afterwards returned the policy and stated that he had fixed it. **Held,** under these conditions, defendant will not be heard to say that under the terms of the policy its agent could not waive the actual indorsement of the policy, should it appear afterwards that the agent had failed to so indorse it. It was not a question of waiver, but a failure to perform a duty.

(Syllabus by Mathews, C.)

*Error from County Court, Roger Mills County;*
*E. E. Tracey, Judge.*

Action by Edward Lee against the German-American Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*E. L. Mitchell* and *Perry Madden,* for defendant in error.

Opinion by MATHEWS, C. Defendant in error filed this action in the county court of Roger Mills county to recover on an insurance policy. The parties will be referred to here as in the trial court.

The plaintiff in his petition alleges that on the 7th day of October, 1911, defendant issued to W. H. Lee an insurance policy in the amount of $700 upon a certain soda fountain and fixtures; that on the 25th day of January, 1912, the said W. H. Lee sold the property covered by said policy of insurance to Edward Lee, and on said date the

defendant indorsed its consent to said transfer on said policy of insurance; that on the 7th day of March, 1912, the property covered by said policy of insurance was destroyed by fire; that proof of loss was made, and that defendant had refused to pay the same, a copy of the insurance policy, the assignment and a copy of the proof of loss being attached to the petition. The defendant's demurrer having been overruled, it answered by general denial, except admitting the issuing of the policy and its consent to the assignment to Edward Lee, the plaintiff. Defendant, answering further, pleaded that a mortgage in the sum of $900 was given on said insured property by Edward Lee to L. B. Lee, in violation of the terms of the policy, which rendered said insurance policy void.

Plaintiff, in his reply, admits that on the 23d of January, 1912, he mortgaged the insured property to L. B. Lee, but asserts that said mortgage was given with the consent of defendant; that the defendant's agent was given the policy, with the request that he indorse thereon its agreement that the property covered by said policy should be mortgaged; that the policy was left in the hands of said agent for that purpose; and that said policy was later returned to W. H. Lee, and by him placed in an iron safe.

Defendant moved to strike plaintiff's reply from the files on the grounds of departure, which motion was overruled. The trial was before the court, judgment was given plaintiff, a motion for a new trial was filed and overruled, and the case is here on appeal.

The defendant has made the following assignments of error, which will be considered in the order named:

"I. The trial court erred in overruling defendant's motion to strike plaintiff's reply, to which ruling of the court the defendant duly excepted at the time.

"II. The trial court erred in permitting the plaintiff to offer evidence tending to prove a waiver of the mortgage clause in the insurance policy on which this action is brought, to which action of the court the defendant duly excepted at the time.

"III. The trial court erred in permitting the plaintiff to introduce incompetent evidence over the objection of the defendant.

"IV. The trial court erred in overruling defendant's demurrer to plaintiff's evidence, to which ruling of the court the defendant duly excepted at the time."

Defendant first complains of the court's refusal to strike plaintiff's reply from the files, for the reason that the same constituted a departure. At the time this case was tried, and when the briefs herein were filed by defendant, the proposition here raised might have well been questioned, but since then our own court has settled the proposition against defendant's contention, and the attorneys for defendant concede the point. *Western Reciprocal Underwriters' Exchange v. Coon*, 38 Okla. 435, 134 Pac. 22; *Springfield Fire & Marine Ins. Co. v. Null*, 37 Okla. 665, 133 Pac. 235.

Defendant insists that there was no proof that the plaintiff sustained a loss by fire, but that the evidence shows that W. H. Lee, and not Edward Lee, sustained a loss at that time. It appears that the plaintiff, Edward Lee, was represented at the trial by W. H. Lee, and the record shows that this question was asked the said W. H. Lee, "I will get you to state whether or not you had a loss by fire on or about March 7, 1912?" to which he answered, "Yes." By an examination of the record, it is plainly apparent that this was an unintentional discrepancy, because further evidence on the same subject shows that on the 25th day of January, 1912, the property destroyed by fire was assigned

in writing to Edward Lee, and the circumstances of the making of the bill of sale to Edward Lee were detailed by the witness W. H. Lee.

Is it necessary, for plaintiff to make out his case, to show that the property insured was located on the lot and contained in the building described in the policy? In the case of *Germania Fire Ins. Co. v. Barringer,* 43 Okla. 279, 142 Pac. 1026, this court, speaking through Mr. Justice Turner, has answered this question in the affirmative in passing on this precise point, using the following language:

"Where a standard policy insures plaintiff against loss by fire, to an amount not exceeding $1,000, on certain property while located and contained as described herein, and not elsewhere, to wit, '$600 on the one-story  *  *  * building  *  *  * while occupied as a private dwelling house and situated on the northwest corner of the B. F. & M. grounds,' and '$400 on all his household and kitchen furniture while contained in the above-described building,' a petition which fails to state that, at the time of the fire, the building was so occupied and the personal property was therein contained, fails to state a cause of action."

If it was necessary to so allege that the property was located at the time of the fire at the place as described in the policy, it follows that it is equally as necessary to prove it.

Plaintiff in his petition alleges that on the 7th day of March, 1912, he was the owner of the property covered by the insurance policy, and that it was located at that time in a certain building on a certain lot, described in the insurance policy, and follows in another paragraph with the allegation that on the 7th day of March, 1912, the said property was destroyed by fire. If this were the only vice we had to meet on this proposition, we would not ponder over the contention that, while it may have been so located as

described on that day, yet, even though it was destroyed by fire on the same day, it might have been moved before the fire. That may be true, but we do not believe it is conducive to justice and fair dealing to quibble over such hypercritical and academic argument; and while it might have been better to have alleged that at the exact time it was destroyed by fire the property was located as described in the policy, yet we hold the allegations as they are in the petition are sufficient upon this point. There is no evidence whatever in the record as to the location of the property at the time it was destroyed. The record is silent upon that point. It is not touched upon, and defendant has not admitted in its pleadings that it was so located, and for this reason the judgment of the lower court will be reversed. *Germania Ins. Co. v. Barringer, supra,* and authorities therein cited; *Raulet v. Insurance Co.,* 157 Cal. 213, 107 Pac. 292; *Yancey v. Railway Co.,* 42 Mont. 342, 112 Pac. 533; *Wilmington City Ry. Co. v. White* (Del), 6 Pennewill, 363, 66 Atl. 1009; *Cooledge v. Continental Ins. Co.,* 67 Vt. 14, 30 Atl. 798; *Sohier v. Norwich Fire Ins. Co.,* 11 Allen (93 Mass.) 336.

Defendant next complains that plaintiff did not show that he had furnished proof of loss. The evidence introduced on this point was extremely brief. Witness W. H. Lee testified that within 60 days after the fire proof of loss was made in writing and the same delivered by him to J. J. Moore, the agent of the company. A copy of the supposed proof of loss was attached to plaintiff's petition, but it was not introduced in evidence, and no proof of any kind was offered as to the contents of the proof of loss delivered to the agent of plaintiff. In the absence of any showing upon the part of defendant that the proof of loss furnished

was not sufficient under the terms of the policy, we hold that the evidence on this point was sufficient to show the requisite proof of loss. If the proof of loss was not sufficient, or failed to fill the terms of the policy, then it became the duty of the defendant to make that fact known to plaintiff, and to point out wherein the same was insufficient. When defendant saw fit to retain the proof of loss furnished, and made no objection thereto, it will not be heard afterwards to say that the same is not sufficient. In *St. Paul Fire & Marine Ins. Co. v. Mittendorff,* 24 Okla. 651, 104 Pac. 354, 28 L. R. A. (N. S.) 651, we find:

"In such cases good faith would require that the association give notice indicating the defect; and the failure to object to defective proofs, or a refusal to pay on other grounds, is regarded as an acceptance of the defective proofs, and a waiver of defects. *American Life Ins. Co. v. Mahone,* 56 Miss. 180; *Miller v. Eagle Life & Health Ins. Co.,* 2 E. D. Smith (N. Y.) 268; *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474, 10 N. E. 242, 59 Am. Rep. 810."

In *Arkansas Ins. Co. v. Cox,* 21 Okla. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, is the following:

"Where an insurance company did not object, within a reasonable time, that proofs of loss furnished it by the insured were defective (as that the notary public before whom the same were sworn to did not designate his official title nor attach his seal), it must be held that the company waived all defects therein."

In *British Mercantile Co. v. Crutchfield,* 108 Ind. 518, 9 N. E. 458, we find:

"The failure of the plaintiff to introduce the specifications and proof of loss in evidence in such case cannot be complained of on appeal, where other evidence was admitted, without objection, showing that they were duly

made out, and tendered to the agent, who made no objection to them, either in form or substance." *St. Paul Fire & Marine Ins. Co. v. Griffin,* 33 Okla. 178, 124 Pac. 300; *Hincken v. Mutual Benefit Life Ins. Co.,* 50 N. Y. 657.

The defendant next advances the proposition that there is no legal evidence of a waiver of the mortgage clause by the defendant, and treats the subject as if there was an effort made upon the part of plaintiff to show that the agent of defendant waived an indorsement on the policy of consent to mortgage the property so covered, and claims that the evidence does not show that any knowledge of an existing mortgage was ever brought to the defendant, and that plaintiff had actual notice of the limitations placed on the authority of defendant's agent as set out in the policy.

As we view the proposition here presented, it is not a question of the defendant's agent waiving anything, or of his authority to waive anything. He was never requested to waive anything, or to give his oral sanction or approval to mortgaging the property covered by the policy. The evidence shows that the insurance policy was delivered to the local agent of defendant for the purpose of transferring the policy from W. H. Lee to plaintiff, and at the same time the agent was informed by him that a mortgage would be given on the property by plaintiff to L. B. Lee, and that he supposed that fact would have to show on the policy, and that he would leave the policy with him to fix up, and that:

"He agreed to indorse on the policy to allow the property to be mortgaged."

And further he testified:

"I told him I would leave the policy with him to fix up for me, and he said he would fix it up right."

And then:

"I asked Moore if he got that business fixed up for me, and he said he had, and handed me the policy. Later I took it, and went and put it in the safe, and did not see it until after the fire."

It fully appears from this evidence that W. H. Lee knew the insurance policy would have to show permission to mortgage the property, but went about getting the indorsement in a rather unbusinesslike way, and was met by the agent of defendant with equal carelessness. But it does appear from the evidence that W. H. Lee had sold the property to plaintiff, and that plaintiff was to execute a mortgage to L. B. Lee thereon for $900, and that the agent of defendant was informed that a mortgage was to be placed thereon, and he was requested to "fix" the policy so as to allow it, and when the agent returned the policy he informed W. H. Lee that he had fixed up the business for him, and the policy was received back without his looking to see if the indorsement had been made. It does not comport with any idea of fairness, after the policy was left with defendant's agent to make the proper indorsements, and his returning it with the statement that he had done so, to now hear defendant say that there was a clause in that policy which prevented the agent from waiving anything. We will concede that under that clause the agent had no legal right to waive anything after the policy was delivered; but we do say that defendant owed a duty to furnish agents who would make these indorsements properly when requested, and not neglect to do so, and then inform the other party that he had done so.

A question of waiver is not presented here, but a pure neglect of duty is shown, and it would be wrong to permit it to be taken advantage of, and for defendant to profit thereby, to the detriment and prejudice of one who had a

right to rely upon the business being transacted properly. Neither does it come with good grace to now argue that no information was communicated to the agent in relation to the mortgage. It does appear that the information given to the agent relative to the mortgage was indefinite and vague, but if it was not sufficient it was the duty of the agent to make further inquiry and learn the facts about the mortgage. The agent knew, or was bound to know, what facts were necessary for him to have in order to make the proper indorsement; but the plaintiff might have been totally ignorant on that subject, and perhaps thought that it would be sufficient to indorse thereon, "Permission to mortgage the property granted," or words of similar import. It appears that he relied on the agent of the defendant, and trusted him to do it properly, as he had a full right to do.

For the reason given, the judgment of the trial court should be reversed, and the cause remanded for new trial.

By the Court: It is so ordered.