JOHNSON, RESPONDENT, *v.* BAATZ, APPELLANT.

(No 4,632.)

(Submitted January 31, 1922. Decided February 20, 1922.)

[205 Pac. 212.]

*Sales — Actions — Corporations — Parties — Pleadings — Evidence—Admissibility—Record—Appeal and Error.*

Sales—Action Against Corporation and Individual—Pleadings—Abandonment of Complaint Against Individual.

1. Where in an action against a corporation and its president to recover the price of goods sold to them, the answer alleged that they had been sold to the corporation, which allegation was not denied by plaintiff, who in her reply, on the contrary, affirmatively alleged that the corporation was the purchaser, plaintiff by her pleading abandoned that part of the complaint seeking to fasten responsibility upon the individual defendant.

Same—Evidence—Officer of Corporation Referring to Himself as the Company—Effect.

2. The fact that the individual defendant in the above action at the trial in referring to dealings between his company and plaintiff gave undue prominence to himself as being the company did not warrant a judgment against him personally, where from all the surrounding

circumstances it was apparent that in each instance the party referred to was the company and not himself personally.

Appeal and Error — Evidence — Admissibility—Record—Objection Necessary for Review.

3. In the absence of timely objection to the admission of evidence, alleged error in that regard cannot be urged on appeal.

*Appeals from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by Hazel Johnson against Nick Baatz and the Nick Baatz Company. From the judgment for plaintiff and an order denying defendant Nick Baatz a new trial, he appeals. Reversed.

Cause submitted on briefs of Counsel.

*Messrs. Freeman & Thelen* and *Mr. G. L. Frary,* for Appellant.

*Messrs. O'Leary & Doyle,* for Respondent.

MR. COMMISSIONER HORSKY prepared the opinion for the court.

The plaintiff, Hazel Johnson, commenced an action in the district court of Cascade county against the defendant, Nick Baatz, and the Nick Baatz Company, a corporation, alleging in her amended complaint that on ·or about the third day of September, 1918, she sold and delivered to defendants, at their special instance and request, goods, wares and merchandise of the reasonable value of $1,000, and also an automobile truck of the reasonable value of $700, no part of which has been paid, except the sum of $300, a credit to which defendants were entitled, they having assumed a mortgage for $300 against said automobile; that she demanded payment for the same, which was refused, and that there is due her from the defendants the sum of $1,400, together with interest, for which amount she demands judgment.

The defendants, in their joint answer, deny all the allegations of the amended complaint, save and except that the Nick Baatz Company was a corporation, and set up as a further defense that plaintiff and her husband, Clifford Johnson, were conducting a business in Great Falls, Montana, known as the Alhambra Bottling Works, and that previous to September 3, 1918, the Nick Baatz Company had furnished to said Alhambra Bottling Works merchandise of the reasonable value of $294.75; that on the above-mentioned date the company instituted an action in the justice court to recover the amount of its claim, and a writ of attachment was issued to the constable of Great Falls township against the Alhambra Bottling Works; that Nick Baatz, in company with the constable, went to plaintiff's place of business to attach such of her property as was subject to attachment; that plaintiff and her husband at that time agreed to sell the Nick Baatz Company certain property described in the answer in payment of the amount due it; that plaintiff and her husband also sold to said company an automobile truck, the consideration being that the Nick Baatz Company satisfy a certain mortgage of $300 against the automobile; and that bills of sale for said merchandise and automobile truck were made, executed, and delivered by plaintiff and her husband to the Nick Baatz Company.

Plaintiff in her reply admits that the Nick Baatz Company instituted suit in the justice court against plaintiff and her husband, but denies that plaintiff and her husband agreed to sell the property mentioned in plaintiff's complaint, and in the answer, in satisfaction of the claim of the company, and then further alleges that the plaintiff, on the aforementioned date, sold the Nick Baatz Company certain personal property; that the company agreed to pay her the reasonable value thereof; that the company was to be allowed to deduct from the purchase price the amount of its claim; that thereupon she delivered the property to the company,

and that the company also purchased the automobile from plaintiff and agreed to pay therefor, as alleged in the complaint.

Upon the issues thus framed by the pleadings, the cause was tried to a jury, resulting in a verdict and judgment in favor of the plaintiff and against both defendants in the sum of $772.

Thereafter defendants moved for a new trial, which was by the court granted as to the Nick Baatz Company, but denied as to the appellant Nick Baatz. From the order denying his motion for a new trial, and from the judgment rendered against him he prosecutes this appeal.

It is first urged that the trial court erred in holding that the evidence was sufficient to justify a verdict against the defendant Nick Baatz. In considering this assignment a brief reference to the pleadings and evidence is necessary.

The complaint proceeds upon the theory that the plaintiff [1] on the third day of September, 1918, sold to Nick Baatz, and the Nick Baatz Company, certain goods, wares and merchandise and an automobile truck. The answer of the defendants after alleging that the company had furnished the plaintiff supplies in the amount of $294.75, then alleges that plaintiff, on or about the date mentioned in the complaint, sold certain merchandise described in the answer, as well as an automobile truck, to the Nick Baatz Company, for the sums specified in two bills of sale, executed and delivered by the plaintiff and her husband to said company. Plaintiff in her reply does not deny that the property in controversy was sold to the Nick Baatz Company. In fact it is affirmatively alleged therein that on said date she sold and delivered the property involved in this lawsuit to the Nick Baatz Company. The only matters alleged in the answer which are challenged by the reply are the amount and character of the property sold on that day and the amount that the company was to pay plaintiff therefor.

Plaintiff then voluntarily narrowed the issues so that the only matters remaining to be determined were the amount, character and value of the property purchased by the company, and the amount it had agreed to pay for it. The plaintiff in her reply not only did not deny the allegations of the answer to the effect that the company was the purchaser of the property involved in the suit, but actually by positive averment asserted that the company was the purchaser thereof. The plaintiff by so doing abandoned that part of her complaint which sought to fasten any responsibility upon the defendant Nick Baatz.

Now, let us examine briefly the evidence introduced at the trial. Mrs. Johnson, the plaintiff, testified that during the year 1918 she was the owner of and conducted a business known as the Alhambra Bottling Works; that up to September 3, 1918, she had been buying supplies from the Nick Baatz Company, and on that date was indebted to it in the sum of about $294; that on the last-mentioned date Mr. Baatz, in company with a constable, came to her place of business and offered to buy what supplies she had on hand; that Mr. Baatz stated that, while he did not need the property, he would give plaintiff and her husband the full value for it, after deducting the amount of his bill, and that she then sold him the property. Plaintiff then testified as to the amount, character, and value of the merchandise. She further stated that Mr. Baatz asked about the automobile, and that she informed him that there was a mortgage of $300 against the car, due and unpaid; that Mr. Baatz said he would pay off the mortgage, and wanted plaintiff and her husband to give him a bill of sale for the car, and he would return it or pay the full value therefor; that Mr. Baatz took the automobile and other property testified to, and that prior to the institution of this action she had demanded the return of the automobile, or that she be paid its full value, and also demanded she be paid for the other property delivered to

him. On cross-examination of this witness, there was intro-
duced in evidence two bills of sale covering the property
in dispute. Mrs. Johnson admitted that she and her hus-
band executed both of these documents, and delivered them
to Mr. Baatz. The one covering the automobile named as
the consideration the payment of the mortgage of $300, but
did not state the name of the vendee. The bill of sale cover-
ing the other property states that the Nick Baatz Company
is the purchaser, and the consideration to be $294.75.

The testimony of Clifford Johnson, husband of the plain-
tiff, corroborated that of his wife in respect to Mr. Baatz'
agreement to pay full value for all the property. Other
witnesses were qualified and also testified as to its value.

Several witnesses for the defendant also testified as to the
value of the automobile. The constable who accompanied
Mr. Baatz on his visit to the bottling works stated that
the defendant Baatz agreed to pay the plaintiff the difference
between the value of the merchandise and the amount stipu-
lated in the bill of sale.

Nick Baatz, one of the defendants, testified that he was
the president of the Nick Baatz Company, and had been
in the bottling business for about thirty-five years; that an
action was instituted in the justice court against Mrs. John-
son and her husband (which is admitted in plaintiff's reply),
and in company with the constable went to plaintiff's place
of business and attached all the personal property. He said:
"I sized the business up and told Mrs. Johnson if there were
more goods there than what my bill amounted to I would
pay for them, so then we took an inventory. Mrs. Johnson
took an inventory." According to the testimony of this wit-
ness, Mrs. Johnson, after taking inventory, presented Mr.
Baatz with an itemized account, in which she had computed
the value of the property to be $280.35, and, he remarked:
"Mrs. Johnson, well, that would not cover my bill, but we
will call the bill square." This witness further stated that
Mr. Johnson said he was in debt and was going through

bankruptcy and wanted to sell everything; that he (Baatz) could have the automobile if he paid off the mortgage against it, which he did, and plaintiff and her husband executed and delivered to him a bill of sale for it.

A survey of the testimony leads to the conclusion that Mr. Baatz, as a representative of the Nick Baatz Company, went to plaintiff's place of business for the purpose of collecting a claim owing to the company, and not on any mission of his own. When Mrs. Johnson referred to the claim as "his claim," when she had just admitted that she owed the company, not Mr. Baatz, neither side pressed for any explanation as to what she meant; in fact, all parties to the suit knew that she was referring to the claim of the company, because no place in the testimony is it even hinted that Mr. Baatz had any individual claim against Mrs. Johnson Again, when Mr. Baatz referred to the company's account as "my bill," neither side asked for an explanation as to what meaning he intended to convey, for the very simple reason that there was only one claim in question—that of the company. Likewise, when Mrs. Johnson indulged in the following language: "He stated that he would give us full value for the property after deducting his bill for $294. I then sold him the property," and, further, when Mr. Baatz said, "I sized the business up and told Mrs. Johnson if there were more goods there than what my bill amounted to, I would pay for them. The property that I received from Mrs. Hazel Johnson and Clifford Johnson was not of the reasonable value of $1,000. I have not used any of the bottles, and still have them. I received twenty gallons of extracts. I took the car into my possession. * * * The car was in very bad shape," etc., no one questioned that Mr. Baatz was speaking for his company and not for himself, nor could they, when we consider the purpose of Mr. Baatz' mission on that day, namely, the collection of an account of the corporation of which he was the president, and its only representative and spokesman on that occasion. This seems to us

to be the only reasonable construction that can be put upon the testimony.

In fact, taking the testimony as a whole, there does not seem to have been any contention made by any of the parties as to who was the purchaser of the property. The controversy revolved around the question of the amount, character and value of the property, and the price to be paid for it. While the defendant Baatz gave undue prominence to himself in a matter that strictly concerned the company, yet he is in a measure excused by the fact that the pleadings had set at rest the question of who was the purchaser.

Further than this, if it can be said that by the testimony Mr. Baatz bound himself, then we are confronted with the fact that the testimony was without the issues as framed by the pleadings, and must be wholly disregarded in determining the question of whether or not the verdict is sufficiently sustained by the evidence. (Hayne on New Trial, 477.)

The replication admitted that the company purchased the [2] property. The bill of sale so recited the fact, and, taking into consideration the careless use of the pronouns "my," "his," *etc.*, by the parties when making reference to the company's claim, it is but a reasonable construction of the testimony, taking into consideration all of the surrounding circumstances, that in this whole transaction the company was in each instance the party referred to, and not Mr. Baatz. (*Yancey* v. *Northern Pac. Ry. Co.*, 42 Mont. 342, 112 Pac. 533.) The evidence as introduced in this action was therefore wholly insufficient to justify any verdict against the appellant, Nick Baatz.

The appellant also contends that the court erred in overruling his objection to the admission of certain evidence, [3] but, as the record fails to disclose that timely objection was interposed thereto, he is not now in a position to urge that matter in this court.

For the foregoing reasons, we advise that the judgment and order appealed from be reversed and the cause remanded to the district court for a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause is remanded to the district court for a new trial.

*Reversed.*