WESTCHESTER FIRE INS. CO. v. McDONALD.

No. 16755—Opinion Filed June 22, 1926.

Rehearing Denied Feb. 22, 1927.

1. **Insurance—Action on Fire Policy—Sufficiency of Allegation of Ownership of Property.**

In an action on a fire insurance policy issued and delivered to the insured, in the absence of a motion to make more definite and certain, a petition which alleges in general terms ownership of the property by the insured is sufficient as an allegation of ownership at the time of the loss, since continuance of ownership will be presumed.

2. **Same—Location of Household Goods Destroyed.**

Where the petition alleged generally that the property of the insured was located in a certain described dwelling house, followed by a specific allegation that on a certain date said dwelling house and the household goods and furniture therein contained were totally destroyed by fire, the petition will be held to contain a sufficient allegation that the property was contained in or attached to the building described in the policy at the time of the fire.

3. **Pleading—Sufficiency of Petition on Demurrer—Exhibits Considered.**

When an exhibit is made a part of a petition, although not required by statute, reference may be had to such exhibit in order to determine whether a cause of action has been stated to such an extent as to withstand a general demurrer.

4. **Pleading—Reply Held not a Departure.**

A departure occurs when the plaintiff in his reply abandons or departs from the cause of action as stated in his original petition, and seeks therein to recover upon a new state of facts entirely inconsistent with the facts pleaded in the petition. Where the reply specifically denies the allegations of new matter contained in defendant's answer, and then proceeds to reaffirm the cause of action stated in his original petition, there is no departure.

5. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions during the trial, the verdict and finding of the jury is conclusive upon appeal to the Supreme Court.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5

Error from Court of Common Pleas, Tulsa County; R. D. Hudson, Judge.

Action by Josephine McDonald against the Westchester Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Rittenhouse & Rittenhouse, F. A. Rittenhouse, John F. Webster, and Frank E. Lee, for plaintiff in error.

Louis W. Pratt and James M. Springer, for defendant in error.

Opinion by FOSTER, C. On the 1st day of September, 1923, the defendant in error, Josephine McDonald, as plaintiff, brought her action in the court of common pleas of Tulsa county, against the plaintiff in error, as defendant, to recover upon a fire insurance policy issued to her by the plaintiff in error, insuring certain household goods against loss by fire. Parties will be hereinafter designated as they appeared in the trial court.

The plaintiff in her petition alleged that she was the owner of certain household goods and furniture, which was located in a dwelling house on lot 7, block 9, in Interurban addition to the city of Tulsa, Okla., and that on the 28th day of July, 1922, the defendant issued to her a policy of insurance in writing, a copy of which was attached and made a part of the petition; that on the 3rd day of October, 1922, the dwelling house and household goods therein contained were totally destroyed by fire, and that within 60 days from the date of the loss plaintiff furnished to the defendant proof of loss in writing, and otherwise performed all of the conditions of the policy on her part. A list of the property and the alleged value set opposite each item was attached and made a part of the petition, and plaintiff alleged that she sustained a loss by said fire of $1,000, and prayed judgment therefor, with interest at the rate of 6 per cent. per annum from the 3rd day of October, 1922, until paid. A demurrer was interposed by the defendant to the petition of the plaintiff, heard, and overruled, and exceptions saved. Thereafter the defendant filed its answer, in which it admitted the execution and delivery of the policy, and among other things generally and specifically denied that plaintiff had furnished the defendant any proof of loss as required by the terms of the policy, and asserted that another clause of the policy provided that the filing of proof of loss was a necessary prerequisite to the maintenance of an action, and that for failure to furnish such proof the action could not be maintained.

123-10

The plaintiff thereupon filed the following reply:

"Comes now the plaintiff above named replying to the answer of the defendant, and generally and specifically denies each and every allegation of new matter contained in said answer alleged by way of defense in said answer.

"Plaintiff further alleges and states that she personally notified the defendant by its duly authorized agent of the loss sustained by plaintiff, and submitted a full, true, accurate, and detailed statement of the property covered by the policy in suit, and the actual cash value of each item of property destroyed by fire and covered by said policy, and signed and left with defendant's agent or representative the proof of loss prepared for her by defendant's agent or representative, all of which is in the possession of defendant; and plaintiff alleges that defendant is estopped from raising at this time any objection to the form, contents, and sufficiency of the note and proof of loss furnished by this plaintiff to the defendant.

"Plaintiff further alleges and states that defendant, by its agents, representatives, and adjusters, personally requested of plaintiff time to fully investigate the cause of the fire, and subjected this plaintiff to a harsh, cruel, abusive, and slanderous inquiry and examination, and demanded that this plaintiff sign a nonwaiver stipulation, but at the time made no objection to the sufficiency of the notice, proof of loss, and itemized statement of the articles of personal property covered by the policy, and amounting in value to $1,835, which were destroyed by fire, and for and on account of the loss of which plaintiff sues to recover the full amount of $1,000 in this action."

"Wherefore, plaintiff demands judgment as prayed for in the petition herein."

Defendant moved to strike from the reply of the plaintiff all the matter therein contained except the first paragraph thereof, on the ground that the same constituted a departure from the petition of the plaintiff, which was heard, overruled and exceptions saved. Before the commencement of the trial defendant also moved for judgment on the pleadings, and objected to the introduction of any evidence on the part of the plaintiff, on the ground that plaintiff's petition fails to state a cause of action. The motion and objection were both overruled, exception saved, and the cause thereupon proceeded to trial before the court and a jury, resulting in a verdict in favor of the plaintiff for the sum of $1,000. From this judgment, and from an order overruling its motion for a new trial, the defendant appeals.

The first proposition relied on by the defendant for a reversal of the judgment is that the trial court committed error in overruling its demurrer to plaintiff's petition, and in overruling its motion for judgment on the pleadings, and its objection to the introduction of any evidence on the part of the plaintiff, for the reason that the petition of the plaintiff failed to state a cause of action.

Defendant contends in the first place that the petition does not allege that the plaintiff was the owner of the property at the time of the fire. The petition alleged generally that plaintiff was the owner of the property. No motion was filed by the defendant to require the plaintiff to make her petition more definite and certain in this particular, or to require that she state definitely whether she was the owner of the property at the time of the fire.

In 26 C. J. 490, the rule is stated thus, in section 691:

"It has been held that the issuance of the policy is prima facie an admission by the company of an insurable interest in insured, obviating the necessity of a direct allegation of interest; and such allegation may be made in general terms or inferentially; it is not necessary that the specific facts showing ownership of the insured property be directly alleged. * * * It has been held that an allegation of ownership at the time of the making of the contract is a sufficient allegation of ownership at the time of the loss, as continuance of ownership will be presumed." ·

While there are perhaps authorities outside of Oklahoma holding to the contrary, the rule laid down by the author in Corpus Juris above quoted appears to be in keeping with judicial expressions of our own court on the subject, and to our minds is the better and more reasonable rule, especially where the sufficiency of the petition is raised by a general demurrer, and in the absence of a motion to make the petition more definite and certain.

This court, in German-American Ins. Co. of New York v. Lee, 51 Okla. 28, 151 Pac. 642, had under consideration a question very similar to the one at bar. The question under consideration in that case was the sufficiency of the allegations contained in the petition with reference to the location of the property at the time of the fire. The court held the petition sufficient in the following language in the body of the opinion:

"Plaintiff in his petition alleges that on the 7th day of March, 1912, he was the owner of the property covered by the insurance policy, and that it was located at that

time in a certain building on a certain lot, described in the insurance policy, and follows in another paragraph with the allegation that on the 7th day of March, 1912, the said property was destroyed by fire. If this were the only vice we had to meet on this proposition, we would not ponder over the contention that, while it may have been so located as described on that day, yet, even though it was destroyed by fire on the same day, it might have been moved before the fire. That may be true, but we do not believe it is conducive to justice and fair dealing to quibble over such hypercritical and academic argument; and while it might have been better to have alleged that at the exact time it was destroyed by fire the property was located as described in the policy, yet we hold the allegations as they are in the petition are sufficient upon this point."

While it is true, as a general proposition, that the petition must allege that the insured was possessed of an insurable interest in the subject-matter of the insurance, and that he must allege ownership of the property, where such ownership is alleged in general terms it will be presumed as against a general demurrer, and in the absence of a motion to make more definite and certain, that the ownership of the plaintiff continued to the time of the fire.

The next proposition urged by the defendant is that there was no allegation in the petition that the household goods of the plaintiff covered by the policy were contained in or attached to the building described in the policy at the time of the fire. This contention is without merit. It is alleged generally in the petition that the property of the plaintiff was located in the dwelling house on lot 7, block 9, of Interurban addition of the city of Tulsa, and that on the 3rd day of October, 1922, said dwelling house and household goods and furniture therein contained were totally destroyed by fire. In addition to a general allegation of the location of the property in a certain dwelling in Interurban addition to the city of Tulsa, we have a specific allegation "that on the 3rd of October, 1922, the dwelling house and household goods and furniture therein contained were totally destroyed by fire." It occurs to us that this constitutes a direct allegation that the property was destroyed by fire while contained in the building described in the policy. In the case of German-American Ins. Co. of New York v. Lee, supra, it is said:

"Where the petition alleges that the property insured was located in the building described in the policy on the 7th day of March, 1912, and in another paragraph alleges that on the 7th day of March, 1912,

the said property was destroyed, it will be inferred that the pleader intended to allege that the property was so located at the time of the fire, and the pleadings will be held sufficient on that point."

In the case at bar there is no occasion for inference, for it is specifically alleged that the property was in the building at the time of the fire on October 3, 1922, and that both the dwelling and the household goods were totally destroyed by fire.

The further contention made that the petition of plaintiff fails to allege the value of the household goods destroyed by fire is without merit. While there is no direct statement of fact in the body of the petition as to the value of the household goods alleged to have been destroyed, by referring to the itemized inventory attached thereto as an exhibit, the value of each item is specifically set forth, and this we think a sufficient allegation of value to withstand the general demurrer. Long v. Shepard, 35 Okla. 489, 130 Pac. 131.

The next proposition relied on by the defendant for a reversal of the judgment is, that the trial court erred in refusing to strike certain parts of plaintiff's reply, for the reason that the reply constituted a departure from the allegations of plaintiff as contained in her original petition. In her original petition the plaintiff alleged as follows:

"That within 60 days from the date of loss plaintiff furnished to defendant proof of loss in writing and otherwise performed all of the conditions of said policy on her part."

In its answer the defendant specifically denied this allegation, and pleaded that the making and filing of a proof of loss by plaintiff was a necessary prerequisite to the maintenance of an action on the policy, and that by reason of the failure of plaintiff to furnish such proof of loss her action could not be maintained. The affirmative allegation by plaintiff that she had furnished the defendant a proof of loss, and the denial thereof by the defendant, clearly raised an issue of fact between the parties on this proposition. If the plaintiff in her reply had admitted, contrary to the allegations of her petition, that she had failed to file a proof of loss as required under the terms and conditions of the policy, or if she had failed to deny the allegations of defendant's answer in this particular, and had then proceeded to allege certain facts and circumstances which she relied upon as an estoppel on the part of the defendant to object to her omission to make proof of loss, then,

undoubtedly, under the rule laid down by this court in the case of National Fire Ins. Co. v. Nichols, 85 Okla. 24, 204 Pac. 272, such allegations would constitute a departure requiring a reversal of the judgment.

A departure occurs, as we understand it, when the plaintiff in this reply entirely abandons the theory relied upon for a recovery in the original petition, and seeks in the reply to recover upon an entirely different state of facts, which are wholly inconsistent with the facts as set forth in the original petition. 21 R. C. L. 456. In the instant case, when an examination of the original petition is made in connection with plaintiff's reply, and in connection with the issues maintained throughout the trial, it fails to disclose a situation of that kind. In her reply the plaintiff specifically denied the allegations of new matter contained in defendant's answer, and then proceeded to reiterate in more specific terms, the general allegation of her original petition, to the effect that she had furnished the defendant a proof of loss. Throughout the trial, by her testimony, plaintiff maintained that she had furnished the proof of loss required by the terms of the policy, and while her testimony on this issue was denied by the defendant, there was, nevertheless, evidence from which the jury could, with entire justification, find in favor of the plaintiff on this issue.

We do not find, when the entire record is considered, any effort on the part of the plaintiff, either in her reply or in the testimony offered by her, to fix liability against the defendant upon any theory other than that she had, within 60 days after the fire, furnished the defendant in writing a proof of loss as required by the terms of the policy. It is true that plaintiff's reply set forth that defendant was estopped from raising any objection to the form, contents, and sufficiency of the proof of loss, but we fail to perceive in this allegation anything necessarily inconsistent with the allegation contained in her original petition, that she had furnished a proof of loss, especially so, since plaintiff had in the reply reiterated in detail the original allegation that she had so furnished the proof of loss.

The fact that the proof of loss may have been defective in form or substance is not inconsistent with the allegation that she had furnished a proof of loss. The allegation contained in defendant's answer was to the effect, not that the plaintiff had furnished an insufficient proof of loss, but that she

had failed to furnish any proof of loss whatever.

We think if defendant in its answer had admitted the making of a proof of loss, and had attempted to defend upon the ground that the proof of loss was defective or insufficient in form, that such defense would relate to a mere promissory warranty, and under the rule laid down by this court in Western Reciprocal Underwriters' Exchange v. Coon, 38 Okla. 453, 134 Pac. 22, the pleading of facts in a reply by the plaintiff constituting a waiver or an estoppel on the part of defendant to assert such defense would not constitute a departure.

The thing which distinguishes the instant case from the case of National Fire Ins. Co. v. Nichols, supra, cited and relied on by the defendant, is that in this case the plaintiff in her reply did not admit the allegations contained in defendant's answer, but specifically denied the same, and, as in her original petition, asserted the making of a proof of loss, whereas, in the case cited, the plaintiff in the reply practically admitted the allegations contained in defendant's answer, and then proceeded to set up a new cause of action entirely inconsistent with the facts set forth in the original petition.

Under all of the authorities in actions to recover on fire insurance policies, where by the terms of the policy a proof of loss is made a condition precedent to a recovery, conduct on the part of the plaintiff in setting forth an entirely new cause of action in his reply based on waiver and estoppel constitutes a departure.

As we view the record in this case, the question raised by the pleadings was whether or not the plaintiff had furnished a proof of loss. The question of the form and sufficiency of the proof of loss was not an issue in the case. The plaintiff testified that she, together with defendant's soliciting agent, made a complete proof of loss, and that she swore to it, and that the same was sent to the home office of the company at Dallas, Tex.

The defendant denied that any proof of loss had ever been made. It was plaintiff's theory, as we understand it, that the defendant at no time had any meritorious defense against her claim for a recovery of the full amount of the policy, and that defendant's objection to the payment of the loss sustained by her under said policy was not based upon the lack of a proof of loss, but that defendant was attempting to intimidate her into accepting a sum of money in set-

tlement of her loss far below that represented by the face of the policy.

All these disputed questions were submitted to the jury, and the jury has resolved all of them in favor of the plaintiff. We have examined the record sufficiently to be convinced that the verdict rendered in favor of the plaintiff is reasonably supported by the evidence in the case. The other propositions raised and discussed by the defendant in its brief have to do with alleged error of the trial court in admitting evidence on behalf of the plaintiff over the objection of the defendant, and in refusing to admit evidence offered on behalf of the defendant; in overruling its demurrer to the evidence of the plaintiff at the close of plaintiff's evidence; in giving certain instructions to the jury and in refusing other requested instructions.

We have considered the objections of defendant to the alleged evidence, which it claimed was improperly admitted on behalf of the plaintiff, as well as the refusal by the court to admit certain evidence offered on defendant's behalf, and we cannot say that the action of the trial court in its ruling thereon operated to the substantial prejudice of the defendant justifying a reversal of the case.

We have examined the various instructions criticized by the defendant, and we cannot say that said instructions, when considered as a whole, do not fairly state the law applicable to the issues in the case.

In considering defendant's objection to the action of the trial court in overruling its demurrer to plaintiff's evidence, it is sufficient to say that there was evidence introduced on the part of the plaintiff reasonably tending to show that she was the owner of certain household goods located in a dwelling house at Red Fork, Okla., which were totally destroyed by fire on the night of October 3. 1922; that at the time of said fire there was a policy of insurance issued by the defendant to the plaintiff in full force and effect covering this property, insuring the property against loss by fire in the sum of $1,000; that this property was not incumbered, and was of the reasonable value of $2,000; that within 60 days after the fire plaintiff filed proof of loss with the defendant as required by the terms of the policy. Plaintiff testified positively that the property at the time of the fire was worth about $2,000, and in this valuation she was corroborated by the evidence of one or two witnesses.

Upon a careful survey of the entire record we think the judgment of the trial court is correct, and should be and is hereby affirmed.

By the Court: It is so ordered.