## GREAT WESTERN LIFE INS. CO. v. SPARKS.

No. 3913.   Opinion Filed May 13, 1913.

Rehearing Denied June 24, 1913.

(132 Pac. 1092.)

1. **INSURANCE—Action on Policy—Pleading—Warranties.** Under section 3784, Comp. Laws 1909 (Rev. Laws 1910, sec. 3467), the plaintiff in an action upon an insurance policy is not required to allege performance of promissory warranties or conditions subsequent, but only of conditions precedent. Promissory warranties and conditions subsequent are matters of defense to be pleaded by the defendant, and it is not necessary that the plaintiff anticipate such defense and negative them by averring performance.

.2 **EVIDENCE—Rebuttal—Reputation of Insured.** In an action on a life insurance policy where one of the defenses set up in the answer was that the insured had falsely and fraudulently answered certain questions propounded to him in his application for insurance, it was error to admit evidence to the effect that the general reputation of the insured for being a truthful and honest man in the neighborhood in which he resided was good. for the purpose of rebutting direct evidence tending to establish the allegation of fraud.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;
John J. Carney, Judge.*

Action by J. B. Sparks, administrator of the estate of Edward G. Owen, against the Great Western Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Bond & Melton* and *Wm. Thompson,* for plaintiff in error. *F. E. Riddle,* for defendant in error.

KANE, J. This was an action on a life insurance policy commenced by the plaintiff in error as administrator of the estate of Edward G. Owen, deceased, against the Great Western Life Insurance Company, a corporation. Upon trial to a jury there was a verdict for the plaintiff, upon which judgment

was duly entered, to reverse which this proceeding in error was commenced. Hereafter, for convenience, the parties will be designated as the insurance company, the administrator, and the insured, respectively. The insured in the instant case is the same as in the cases of *Continental Casualty Company v. Owen, ante,* 131 Pac. 1084, and *Owen v. United Surety Company, ante,* 131 Pac. 1091. It was admitted that the policies involved in those cases were subject to the provision of section 3784, Comp. Laws 1909 (Rev. Laws 1910, sec. 1092), to the effect that statements made in the application shall in the absence of fraud be deemed representations and not warranties.

In the instant case the application for insurance contains a stipulation to the effect that all statements of the insured "shall in the absence of fraud be deemed representations and not warranties." We take it, therefore, that, by virtue of the statute in the former case and the stipulation in this, the status of the statements made by the insured for the purpose of securing insurance is identical in all; and, as what we have already said on that subject in the former cases is applicable to this, we do not deem it necessary to notice herein that branch of this case.

Another question raised in this case has, in a measure, been settled by a recent decision of this court (*Western Reciprocal Underwriters Exchange v. Coon, post,* 134 Pac. 22). The first paragraph of the syllabus reads as follows:

"The assured declared on certain insurance policies, alleging that he had performed all the conditions imposed upon him thereunder. The assurer answered by general denial, and, further, pleaded a forfeiture. The assured, by reply, pleaded specially facts constituting a waiver or estoppel on the part of the assurer as to the provision contained in said policies to the effect that they should be void and become forfeited 'if the subject of the insurance * * * be or become incumbered by a chattel mortgage.' *Held,* that said provision related to a condition subsequent, and the pleading of such facts by reply did not constitute a departure."

In the instant case the plaintiff, in conformity with section 5662, Comp. Laws 1909 (Rev. Laws 1910, sec. 4773), alleged in his petition the due performance of all the conditions precedent contained in the contract of insurance. The answer of the insurance company contained a general denial and allegations to the effect that certain conditions of the policy had not been performed, to which by way of reply the plaintiff set up a general denial and that the defendant waived performance of the unperformed conditions. We have not inquired very closely into whether any or all of the conditions alleged to be unperformed are conditions precedent, subsequent, or promissory warranties, for the reason that compliance with the conditions precedent was put in issue by the allegation of the petition to the effect that such conditions were all duly performed and the general denial contained in the answer. Noncompliance with promissory warranties and conditions subsequent are matters of defense to be pleaded by the defendant; and, as the insurance company in its answer gave to the conditions alleged to have been violated the status of conditions subsequent or promissory warranties, it was not error for the administrator and the court to treat them as such.

Under section 3784, Comp. Laws 1909 (Rev. Laws 1910, sec. 3467), the plaintiff in an action upon an insurance policy is not required to allege performance of promissory warranties and conditions subsequent, but only of conditions precedent. Promissory warranties and conditions subsequent are matters of defense to be pleaded by the defendant, and it is not necessary that the plaintiff anticipate such defense and negative them by averring performance. *Western Reciprocal Underwriters Exchange v. Coon, supra.*

What we have said above in connection with what is applicable from the foregoing cases sufficiently covers all the questions presented by the record before us to avoid error upon a retrial, which it is necessary to grant upon another assignment of error. It was alleged in the answer, and the evi-

dence tended to show, that the insured had fraudulently and falsely answered certain questions propounded to him in his application for insurance to the effect that his residence was Maysville, Garvin county, whereas he resided at Chickasha, in Grady county. When asked, "What illnesses or diseases or accidents have you had since childhood?" he answered, "None," whereas he had been seriously ill in September immediately prior to procuring the insurance. That he also made misstatements as to his family physician, the diseases for which he had been treated, and as to his use of intoxicating liquors, etc.

Upon the trial witnesses were called and permitted to testify, over the objection of the insurance company, to the effect that the general reputation of the insured for being a truthful and honest law-abiding citizen in the neighborhood in which he resided was good. It is now contended, and rightly, we think, that that was error. In Jones on the Law of Evidence, secs. 150, 152, 153, 154, 155, and 156, this proposition was fully discussed. In section 153 the learned author says:

"The doctrine has been announced in a few cases that, if a party is charged with fraud or other act involving moral turpitude and that charge is based only on circumstantial evidence, he may rebut the charge by proof of his good character. (1) Said Mr. Greenleaf: 'And generally in actions of tort, wherever the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it.' (2) But this view is contrary to the clear weight of authority and does not seem to be based upon any recognized principle of the law of evidence. Instances are constantly arising, both in actions in tort and contract, where the motives of parties are called in question; but this fact does not, in any legal sense, render the general character of such parties relevant to the issue. It is a far safer rule that, in conformity to general rules of evidence in civil cases, each transaction should be ascertained by its own circumstances and not by the character of the parties."

·In support of the doctrine above stated the following cases are cited: *Henry v. Brown,* 2 Heisk. (Tenn.) 213; *State v. Beebe,* 17 Minn. 241 (Gil. 218); *Walker v. Stephenson,* 3 Esp. 284; *Ruan v. Perry,* 3 Caines (N. Y.) 120 (overruled in later cases); Greenleaf, Ev. sec. 54. Further discussing the same question in section 154 is the following:

"The view stated in the last section is that which now prevails, and many illustrations might be given in which such evidence has been held inadmissible, although fraud or other misconduct is imputed. This evidence has been held irrelevant in actions for robbery, (1) in actions to set aside the probate of a will on the ground of fraud, (2) in an action on an insurance policy when the defense was overvaluation. (3) or the fraudulent burning of the property, (4) for false representation as to the solvency of another, (5) or in incurring a debt or other obligation, (6) for maliciously burning property, (7) and for assault and battery with a dangerous weapon; (8) so such evidence has been held irrelevant in civil cases involving a charge of embezzlement, (9) malicious mischief, (10) fraudulent conveyance or other fraud on creditors, (11) as well as in actions for criminal conversation, (12) malicious prosecution, (13) divorce on the ground of adultery, (14) in an action where the imputation was the fraudulent appropriation of property and dishonesty in accounting for sales. (15) In many of the cases above cited the evidence was circumstantial in its nature and it is evident that in many of them the charges of fraud or other misconduct were so serious, if believed, as to seriously affect the reputation of litigants. To some extent the reputation of parties is liable to be affected by any litigation; but this is not the ground on which evidence of character is held material in such actions as slander, seduction, and others which have already been referred to. Other objections to the class of evidence under discussion were well stated in a South Carolina case: 'If in every case where an act of dishonesty is imputed the imputation may be met by such evidence, then there are few cases into which such evidence might not be introduced; trials would be insupportably tedious, and the result of a trial would as often depend upon the popularity of a party as upon the merits of his case.' (16) It may be added that, since the general adoption of the rule allowing witnesses to testify fully

in their own behalf, there is even less reason than formerly for admitting testimony of this class."

A great number of cases supporting the text are cited in a footnote.

In 16 Cyc. 1263, the general rule is stated as follows:

"That a person did or did not do a certain act because his character would predispose him to do or not to do it is an inference which, although sometimes logically probative, the English law of evidence, with some exceptions, absolutely rejects, in civil cases."

Among the cases supporting the text are: *Black v. Epstein,* 221 Mo. 286, 120 S. W. 754; *Dudley v. McCluer,* 65 Mo. 241, 27 Am. Rep. 273; *Milan Bank v. Richmond,* 235 Mo. 532, 139 S. W. 352; *Gordon v. Miller,* 111 Mo. App. 342, 85 S. W. 943.

In the case at bar the general character of the insured was not put in issue, except in so far as it was incidentally assailed by the allegations of the petition. The allegations of fraud were specific, and the evidence tending to support them was direct and not circumstantial. Under such circumstances, evidence of the general good character of the insured was inadmissible.

The judgment of the court is therefore reversed and the case remanded, with directions to grant a new trial.

All the Justices concur.