# SPRINGFIELD FIRE & MARINE INS. CO. v. NULL.

No. 2792.　Opinion Filed June 19, 1913.

(133 Pac. 235.)

1. **PLEADING—Departure—Action on Insurance Policy.** Where the breach of "conditions subsequent," in a policy of insurance, has been pleaded as a defense in a suit on the policy, a reply thereto alleging a waiver or estoppel on the part of the company does not constitute a departure.

2. **INSURANCE—Action on Policy—Misrepresentations—Question for Jury.** In a suit on an insurance policy, where it is contended that a false and fraudulent misrepresentation or concealment of a material fact by the insured has rendered the contract of insurance void, burden of proof is upon the company to establish the materiality of the alleged false statement or concealment, as well as the fraudulent intention of the insured. Where the evidence is conflicting or where different inferences may be legitimately drawn from the evidence, the question should be submitted to the jury under instructions which take into account the materiality of the misrepresentation and the fraudulent purpose, or intent of the insured to deceive.

3. **SAME—Waiver—Evidence.** Where an insurance company pleads in its answer the breach of a condition in the policy against "concurrent insurance" and the reply sets up facts which would constitute a waiver or an estoppel, and upon introduction and examination of the policy it is found that "additional or concurrent insurance" is allowed by the terms of the policy, it is then unnecessary to offer any proof of the facts constituting the alleged waiver.

4. **SAME—A** special adjuster of an insurance company, who was employed by the day in that particular case, and was not an officer of the company, and had not the duty nor the power to decide as to whether a loss would be paid, and, if not, why not, was asked "if the company had not refused to pay the claim in suit, because of the concealment of the fact of additional insurance," and on objection the court did not allow the witness to so state. Held, not error.

(Syllabus by Brewer, C.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by G. M. Null against the Springfield Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Scothorn, Caldwell & McRill,* for plaintiff in error.
*F. E. Riddle,* for defendant in error.

Opinion by BREWER, C. G. M. Null recovered judgment against the plaintiff in error in the county court of Grady county on an insurance policy issued by it in the sum of $174 and interest. The policy was for $300. The property insured consisted of a wooden store building. The insurance company brings error and urges: First, that plaintiff's reply constituted a departure; second, the refusal to give certain instructions; third, insufficiency of the evidence; fourth, refusal to admit certain testimony.

Plaintiff's petition, after setting out and declaring upon the policy, alleges:

"Plaintiff further avers that he had complied with all the terms and provisions of said policy, with the exception of those waived by the defendant, required of him to be performed."

The defendant in its answer put all the averments of plaintiff's petition in issue by a general denial, and followed this by alleging a number of special defenses consisting of alleged failure to perform conditions required by the policy; such as "the failure to give immediate notice of the loss in writing to the company," and "the failure to furnish proofs of loss," and a violation of the clause relative to carrying more insurance than three-fourths of the value of the property, and the fraudulent concealment by plaintiff of the fact that he had other insurance on the property. A reply was filed to these special defenses, consisting of a general denial and specific allegations of waiver.

The question of departure was raised by a motion to strike the portions of the reply alleging waivers. The special portions above referred to allege a failure to comply with conditions subsequent, and under the doctrine announced in *Western Reciprocal Underwriters' Exchange v. Coon,* 134 Pac. 22 (not officially reported) and *Great Western Life Insurance Co. v. Sparks, Adm'r,* 132 Pac. 1092 (not officially reported), the allegations of the reply did not constitute a departure. Those

cases exhaustively treat the subject and the reasoning does. not need to be repeated.

2. The next contention made by the insurance company is the refusal of the court to give to the jury its requested instructions Nos. 2 and 4. These instructions follow:

"No. 2. You are instructed that if the plaintiff, knowing that he had other insurance on his building which was destroyed by fire, did not inform the defendant of that fact, but permitted the defendant to adjust the loss without such information, he would be guilty of concealing a material fact concerning his insurance, which would render his policy void, and he cannot recover in this action, and your verdict should be for the defendant."

"No. 4. You are instructed that if the plaintiff in making his proof of loss concealed from the defendant that he had other insurance on the building which was destroyed by fire, and permitted the loss to be adjudged without giving the defendant that information, he would be guilty of a fraud which would render his policy void, and he would not be entitled to recover in this action, and your verdict should be for the defendant."

These instructions were asked on the theory that the plaintiff had concealed the fact that he had other insurance on the property and that such concealment prevented a recovery, because of the following provisions in the policy:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The proof discloses that at the time of the loss the plaintiff had another policy of insurance on the same property, issued subsequently to that of the policy in this case, in the sum of $225. There was considerable conflict in the testimony as to the value of the property; the testimony ranging from something over $400 to between $600 and $700. After the fire, the plaintiff in error sent its adjuster to investigate and to

adjust the loss. He and the insured met and discussed the matter. The adjuster figured up the material for the building, deducting what he claimed would be the proper amount for depreciation, and agreed with the insured that he was entitled to a certain sum less than the face value of the policy. The insured found the same satisfactory and agreed to take it, and the adjuster proceeded to fill out a form of proof of loss, inserting therein the figures that he had made on the building and the amount of loss properly chargeable under the policy. This, at his request, the insured signed, and the jurat of a justice of the peace stating that insured had made oath thereto was attached. This proof of loss, made after the adjustment, contained the statement that the insured had no other insurance on the property. There is testimony that the insured can neither read nor write; that the statement was not read to him; that he never in fact swore to it; that he was never interrogated as to whether he had another policy; that he had taken the adjuster's figures all the way through, and, being satisfied with the settlement offered, simply signed what was presented to him by the adjuster. On this state of facts, which is briefly summarized, the court refused the instruction set out above, and in lieu thereof instructed the jury as follows:

"You are charged that if after the destruction of the premises in question the plaintiff, in pursuance to the terms of said policy, made out his proof of loss and swore to the same, and if you find that he willfully and falsely made affidavit that he had no other insurance upon said property, and you find that there was other outstanding insurance policies on said premises, all of which was known by the plaintiff at the time he made said affidavit, if the same was made, and it was done for the purpose of deceiving, he would not have a right to recover in this suit, and your verdict should be a verdict for the defendant. If you find that at the time of the alleged making of the false affidavit as set out in the preceding charge the plaintiff did not know the contents of same or that he did not intend to misrepresent said matter, and signed said statement or swore to the same with the only purpose in view of procuring speedy settlement, then and in that event the signing of said

affidavit or statement would not prevent his recovery in this case."

We do not think the insurance company was entitled to have the law declared as requested in the instructions it offered, under the facts presented. No. 2 in effect asked that the jury be told that if insured had other insurance (which was admitted) and knew it and did not inform the company about it, whether asked or not, he would be guilty of concealing a material fact and could not recover. This left out the question of "good faith" of "purpose" and of "intent," and would have been very nearly equivalent to instructing a verdict for the company. The other instruction is equally objectionable: In the recent case of *Owen v. U. S. Surety Co.*, 131 Pac. 1091 (not yet officially reported), where the alleged false statements and misrepresentations were in the application for, and preceded the issuance of, the policy, this court, through Justice Kane, says:

"Under section 3784, Comp. Laws 1909, the burden of proof to establish the materiality of a misrepresentation or concealment, as well as the fraudulent intent of the insured, is upon the insurance company, and the burden is not shifted where it is shown that the insured made an untrue answer concerning other insurance; for, if there be a presumption that his failure to mention it was intentional, this is met by the presumption that a man does not make a fraudulent misstatement, and the question is therefore for the jury, upon all the evidence."

If the above rule obtains regarding misrepresentations, which are alleged to have induced the making of the contract, surely it will obtain, as to alleged misrepresentations, which could only affect the right of the insured to a prorating of the loss, and which did not have even this effect, or in any wise injure the company in the case at bar, because the fact of the other insurance was well known before the trial. We think that the court fairly stated the law applicable to the evidence in this case. If the insured was not asked as to the other insurance, did not realize its importance, could not read and did

not have read to him the proofs prepared by the adjuster, did not intend to state falsely or conceal the matter in any way, nor to deceive the company, then he is not precluded from a recovery, and this is the effect of the court's charge.

3. The contention that the evidence is insufficient to support the verdict is unsound. This contention grows out of this state of facts. The defendant alleged as a special defense that the insured had other concurrent insurance in violation of the policy. The insured replied that the company had waived this. No proof was introduced to show a waiver of this alleged breach, and for that reason the company contends that the proof has failed. Not so. Upon examination, the policy which was pleaded and put in evidence shows that concurrent insurance was permitted under the terms. "Other concurrent insurance permitted, but total insurance shall at no time exceed three-fourths of the cash value of each item of the property described herein." When this developed it struck down this particular special defense, and no proof was needed on the question that the fact of concurrent insurance had been waived.

If it is intended to claim, not that the fact of concurrent insurance itself, but the fact that such insurance was in excess of three-fourths of the value of the property, avoided the policy, then the answer is that the value of the property was the subject of much conflict in the evidence, and no point was made on this below, and no instructions asked to cover it. The record shows by solemn admission of counsel that the company's defense was on the alleged false statement in the proof of loss, and on the value of the property as affecting the amount of recovery.

4. The court sustained an objection to a question asked the adjuster. He was asked if the company did not refuse to pay the loss because of the concealment of the fact of other insurance. The witness was a special adjuster employed by the day in connection with this loss. He was not an officer of the company, and had no decision as to whether the loss would be paid, and, if not, why not. He could have only given

his belief or conclusion as to the company's reason, based on facts which were fully presented to the jury, or upon statements its officers, charged with the power to decide, had communicated to him. Besides, it is not shown therein the evidence would have been of any value to the company. Its pleadings gave this very reason as a defense against paying. Its efforts were centered on showing that this fact justified its failure to pay. The fact that it was trying to avoid payment for this particular reason was proclaimed in open court by counsel during the trial. If there was any one thing fully understood in this case and admitted by all, it was that defendant was refusing to pay this loss, primarily and particularly because of the failure to disclose this additional insurance. There was no error in refusing the evidence.

The cause should be affirmed.

By the Court: It is so ordered.