## QUEEN INS. CO. OF AMERICA v. DALRYMPLE et al.

No. 7363—Opinion Filed July 11, 1916.

(158 Pac. 1154.)

**1. Insurance—Avoidance of Policy—Breach of Warranty—Book Warranty Clause.**

The book warranty clause of the standard form of fire insurance policy in use in Oklahoma is complied with by the assured if the set of books kept by them are sufficient to enable a man of ordinary intelligence to ascertain from them, with reasonable certainty, the amount and value of the goods destroyed.

**2. Same—Actions on Policies—Evidence.**

Facts examined, and held to support the finding of the trial court that there has been a reasonable compliance with the book warranty clause of the policy.

**3. Pleading—Reply—Departure.**

In an action on an insurance policy, where the plaintiff alleges that he has complied with all the terms and conditions of the policy, and defendant answers, alleging violation of certain conditions subsequent contained in the policy, and plaintiff replies in the form of a general denial, the filing of an amended reply, over the objection of the defendant, alleging a waiver of such condition subsequent, does not constitute a departure.

(Syllabus by Burford, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by J. C. Dalrymple and another, as partners under the style and name of J. C. Dalrymple & Co., against the Queen Insurance Company of America. From a judgment for plaintiffs, defendant appeals. Affirmed

Scothorn, Caldwell & McRill, for plaintiff in error.

George H. Giddings and J. T. Dortch, for defendants in error.

Opinion by BURFORD, C. This was an action instituted in the district court of Oklahoma county by the defendants in error, as copartners, to recover from the Queen Insurance Company of America, a corporation, upon two certain insurance policies. The parties will hereafter be designated as in the trial court.

The plaintiffs alleged in their petition, which set out two practically identical causes of action, that the defendant had executed

for their benefit two certain insurance policies, covering a stock of merchandise at Welch, Okla.; that thereafter, without their fault, the property so insured was destroyed by fire, there being saved only goods of the value of about $275. They alleged the refusal of the defendant to pay anything on the policy, and attached the policies as exhibits to the petition. Each count of the petition contained this allegation:

· "That immediately after said fire occurred notice was given to the company in accordance with the terms of said policy, and plaintiffs complied in all respects with the terms and conditions thereof."

The policies were in the standard form prescribed for use in Oklahoma. The defendant answered, setting up: First, that the plaintiffs had not complied with the partnership law of the state of Oklahoma; second, that the plaintiffs had failed to comply with the inventory, book warranty, and iron-safe clauses of the policies, which were set out in detail; third, that the plaintiff had sold the salvage without notice to the company, in violation of the rights of the company secured by clauses of the policies providing for the right to inspection, appraisement, etc. The various clauses relied upon as breached were set out in full in the answer. For a fourth defense it was alleged that there had been a violation of the clause against concealment or misrepresentations. The plaintiffs replied in the form of a general denial. Thereafter the cause went to trial before the court, a jury being waived. At the close of the trial the court took the case under advisement, and requested that written briefs be filed. After the briefs were filed, and some months after the case had been tried, the plaintiffs asked leave to file an amended reply, which set up a waiver of the matters contained in the third defense alleged by the defendant. The defendant objected to the filing of this amended reply upon several grounds, among others, that it constituted a departure from the allegations of the petition. The objection was overruled, and the amended reply filed. Thereupon the trial court rendered judgment for the plaintiffs, finding that there had been a waiver by the defendant of the compliance by the plaintiffs with conditions of the policies set out in the third defense. After motion for new trial was filed and overruled, defendant brings the cause here for review.

The principal errors here alleged are that the testimony conclusively shows a violation of the book warranty clause, and that the ruling of the trial court permitting the filing of the amended reply was improper.

The first question is governed in principle by the recent decisions of this court in Springfield Fire & Marine Ins. Co. v. Halsey, 52 Okla. 469, 153 Pac. 145, and Springfield Fire & Marine Ins. Co. v. Hays & Sons, 57 Okla. 266, 156 Pac. 673. All that is required of the insured is a substantial compliance with the terms of the policies. If "the set of books kept by him are sufficient to enable a man of ordinary intelligence to ascertain, * * * with reasonable certainty, the amount and value of the goods destroyed" (Ins. Co. v. Halsey, supra), there is a substantial compliance with the terms of the policy. In the case at bar it appears that the insured had taken an inventory within the time prescribed in the policy, and after taking the inventory had retained the invoice of each bill of goods which he had purchased and added to his stock up to the time of the fire. He had a cash account, showing the amount of each cash item taken into the business from the date of the inventory, with the exception that it was shown that small bills for drayage and the like had been paid out of the cash drawer before the accounts were taken at night, and listed in the cashbook. He had a full account of his credit sales from a date in October until the time of the fire. The inventory was taken some months preceding the date when this credit ledger was started. It was testified, however, that prior to that time the defendant did not do a credit business, except upon some occasions a very small amount, not exceeding a few dollars, would be temporarily let out on credit.

The rules of law applicable to insurance policies must be applied with some view to common sense and to common justice. In a mercantile business, where a credit was given extensively and no account kept thereof, or where large running expenses were paid out of the cash, without any account being kept, it might very consistently be said that a set of books, failing to show the credits and expenses, were not a substantial compliance with the conditions of the policy, but in a case like the present one, that of a small country merchant, where the store was operated by himself and wife, where the expenses paid could not have been large, and where, as shown, the credits extended are not put on the books, were so small that the plaintiff himself thought so little of them that he did not keep an account of them, and where it further appears that the relation of the amount of the policies to the size of the stock was such that the taking into account the reasonably probable expenses of the business and credit sales, still there must clearly remain such an amount of stock that the full amount of the policies would be payable to the insured, then we think that such a set of books as was here shown to be kept was a substantial compliance with the terms of the policy within the rule laid down in

Springfield Fire & Marine Ins. Co. v. Halsey, supra, and Springfield Fire & Marine Ins. Co. v. Hays & Sons, supra. And see Commercial Union Ins. Co. v. Wolfe, 41 Okla. 345, 137 Pac. 704.

As to the allegation that the trial court erred in allowing the filing of the amended reply, under the decisions of the court in Springfield Fire & Marine Ins. Co. v. Null, 37 Okla. 665, 133 Pac. 235, Western Reciprocal Underwriters Exchange v. Coon, 38 Okla. 453, 134 Pac. 22, Great Western Life Ins. Co. v. Sparks, 38 Okla. 395, 132 Pac. 1092, 49 L. R. A. (N. S.) 724, and German-American Ins. Co. v. Lee, 51 Okla. 28, 151 Pac. 642, the amended reply did not constitute a departure from the allegation of the petition, since the stipulations of the policy in relation to the sale of the salvage, etc., clearly were conditions subsequent, and compliance therewith was not required to be alleged in the petition. It is only as to conditions precedent that a reply alleging waiver will constitute a departure from the allegations of the petition alleging compliance.

Nor does it appear that the defendant was prejudiced by the amendment. We have often held that the granting or refusing an amendment was a matter within the discretion of the trial court, and unless such discretion was abused, its exercise could not be reversed here. The trial court found that there had been a waiver of the matters alleged in the third defense to which the amendment to the reply was directed. Upon the record there is some evidence to support his findings, and, the cause having been tried without a jury, under many decisions of this court, the finding of the trial court will not be set aside when there is evidence reasonably tending to support it.

The judgment is affirmed.

By the Court: It is so ordered.