## DAVIS v. PENN MUTUAL LIFE INS. CO.

No. 14797—Opinion Filed Jan. 29, 1924.

Rehearing Denied Feb. 17, 1925.

1. **Pleading — Departure in Reply—Insurance.**

In an action upon a life insurance policy where the petition alleges performance of all conditions and that the policy was in full force and effect at the time of the death of insured, and the answer, among other things, specially pleads the breach of a condition subsequent resulting in a forfeiture, it is error for the trial court to strike from the reply a specific denial of the breach of such condition subsequent and the resulting forfeiture, since a reply to new matter contained in an answer based upon the alleged breach of a condition subsequent is not a departure, but is germane.

2. **Insurance—Action on Life Policy—Error in Striking Reply and Giving Instructions.**

When matter in a reply germane to new matter in an answer is erroneously stricken by the trial court, such error becomes prejudicial when the court in its instructions deprives plaintiff of the benefit of such defensive matter so erroneously stricken from the reply, and this is done when the jury is expressly told that certain accruals on the policy, which plaintiff claimed kept the policy in force, had been tendered into court by defendant, and the jury is limited by another instruction to the sole question of whether the policy was continued in force after a certain date "by payment of money, or by giving a premium note or by the application of accrued dividends," since the jury might reasonably conclude that if the accrued dividends had been applied to the payment of the premium so as to continue the policy in force they would not have been tendered into court.

3. **Insurance—Provision of Policy—Conflict with Application—Policy Provision Controls.**

Where an application for insurance directs that accumulations be retained by the company at interest, while the policy provides that such accumulations may be used in any

year after payment of second annual premium to reduce premium payments at the option of the insured, such policy provision controls and modifies the provision in the application, and whether the option was exercised by the insured is a question of fact.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by Minnie A. Davis against the Penn Mutual Life Insurance Company to recover upon a certain policy of insurance issued upon the life of Charley B. Davis. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This action was commenced in the district court of Payne county December 7, 1922, by plaintiff in error against defendant in error to recover upon a certain life insurance policy issued by defendant in error June 9, 1920, for the sum of $2,000 upon the life of Charley B. Davis. In the petition it was alleged, in substance, that the insured died September 16, 1922; that he had paid all the annual premiums at the time of his death; that the insurance company at the time of the death of the insured, and at the time of the maturity of the installment of the premium next preceding the death of the insured, was indebted to the insured in the sum of $17.03, which was a sufficient sum to pay the quarterly installment of premium maturing next preceding his death, and which, if credited on his premium account, would have extended the insurance in force to the time of his death; that the company has refused proof of death of the insured and denied liability on the policy. A copy of the policy was attached to the petition as an exhibit, and by its terms provides a grace period of 31 days after maturity of any premium installment within which to pay same, and during which time such policy shall remain in full force. Other exhibits not material here were attached to the petition.

The insurance company answered admitting that it delivered the policy and that two annual premiums had been paid; that on June 9, 1922, when the third annual premium, or the first installment thereof, was payable, it owed the insured $17.03 as dividends or surplus on the policy, but that the insured in his application for the policy had elected to let these dividends and surplus accumulate at three per cent. interest; that the premium, or any installment thereof, maturing June 9, 1922, had not been paid, and for that reason the policy was forfeited and was not in force and effect at the time of the death of the insured.

Plaintiff filed a reply, the material paragraph of which reads as follows:

"Comes now the plaintiff and for her reply to the answer of the defendant says: She denies that the premium beginning June 9, 1922, and ending December 9, 1922, was not paid, but states that it was paid as alleged in her petition. Denies that said policy was or by its terms could be, forfeited but that the same was in full force and effect at the time of the death of Charley B. Davis as alleged in her petition."

The insurance company filed a motion to strike certain words from this reply, said motion being as follows:

"Comes now the defendant and asks the court to strike from the plaintiff's reply that part of paragraph one which reads as follows: 'Or by its terms could be,' the same being a part of the second clause of paragraph one of said reply, which reads as follows: 'Denies that said policy was, or by its terms could be. forfeited but that the same was in full force and effect at the time of the death of Charley B. Davis, as alleged in her petition.' For cause defendant states that the phrase 'or by its terms could be' constitutes new matter inconsistent with and a departure from the allegations of the petition and the answer of the defendant filed herein."

Upon the hearing of this motion the court entered the following order:

"This cause is submitted to the court upon the motion of defendant to strike the following allegation from the reply, to wit: 'Denies that said policy was, or by its terms could be. forfeited but that the same was in full force and effect at the time of the death of Charley B. Davis as alleged in her petition.' And it appearing to the court that the said allegation is a departure from the allegations of the petition, it is ordered that the same be and is hereby stricken. To which order of the court the plaintiff at the time excepts."

Thereafter, on May 2, 1923, the case was tried to the court and a jury and a verdict and judgment rendered in favor of the defendant, to reverse which this proceeding in error was commenced by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Walter Mathews, for plaintiff in error.

S. W. Hayes and A. W. Gilliland, for defendant in error.

Opinion by LOGSDON, C. Only two propositions are presented and argued in the briefs filed herein, said propositions being as follows:

"(1)  That the trial court erred in its order sustaining defendant's motion to strike.

"(2)  That the trial court erred in overruling plaintiff's motion for a new trial."

Under the view taken of the case by this court both propositions may be considered and discussed together. It will be noticed that the motion of the defendant to strike was directed at the phrase "or by its terms could be." This language was merely a conclusion of the pleader, was a departure, and the order of the court striking the same on motion would have been proper. However, the court went further by its order and also struck from the reply the following language:

"Denies that said policy was * * * forfeited but that the same was in full force and effect at the time of the death of Charley B. Davis as alleged in her petition."

Plaintiff in her petition had alleged the performance of all conditions of the policy by Charley B. Davis in his lifetime, and specifically alleged the payment of all premiums due at the time of his death. By its answer the defendant set up a special plea of forfeiture, and the language last above quoted, and which was stricken by the order of the court, was a reply germane to this new matter alleged in the answer. The allegations of forfeiture in the answer of defendant were based upon an alleged breach of a condition subsequent, and this court has held consistently that where new matter is set up in an answer based upon an alleged breach of a condition subsequent in a policy that a specific denial of such new matter in the reply does not constitute a departure. Great Western Life Ins. Co. v. Sparks, 38 Okla. 395, 132 Pac. 1092; Western Reciprocal Underwriters Exchange v. Coon, 38 Okla. 453, 134 Pac. 22; Queen Ins. Co. of America v. Dalrymple et al., 60 Okla. 28, 158 Pac. 1154.

Defendant practically concedes in its brief that this action of the trial court upon the motion to strike was error by insisting that since plaintiff failed to assign this error as one of her grounds of motion for new trial in the lower court she has thereby waived such error, and in support of this contention cites a number of authorities from this and other states. This contention of defendant is probably correct as a general proposition, and would be correct in the instant case were it not for the fact that this error of the trial court was carried into and perpetuated by the instructions to the jury. By paragraph 12 of its instructions the court said to the jury:

"You are further instructed, gentlemen of the jury, that if you find from the evidence that at the time of the death of the insured the last premium that was due had not been paid within 31 days after the premium paying date next preceding the death of the insured, then there would be no liability on the policy, and the amount of dividend accumulated to the credit of the policy having been tendered into court, then you will find all the issues in that event in favor of the defendant."

By this instruction the court, in effect, adopted the contention of the defendant in its answer that the policy was forfeited if the premium was not paid within 31 days after June 9, 1922, and excluded from the jury a consideration of plaintiff's contention that the policy was not forfeited but was in full force and effect at the time of death. This contention of plaintiff, aside from the claim of payment comprehended two other issues of fact, viz.: (a) The sufficiency of the accumulations on the policy to pay a quarterly premium, and (b) the duty of the company to so apply them rather than to permit the policy to lapse. Those provisions of the policy deemed material to be considered upon this feature of the case read as follows:

"All the benefits, privileges, and provisions stated on the second and third pages hereof form a part of this policy as fully as though recited at length over the signatures hereto affixed.

"II.  Grace in Payment of Premiums. A grace of thirty-one days, during which this policy shall remain in force, will be granted for the payment of premiums or regular installments thereof, after the first. If the death of the insured occur during the days of grace the sum necessary to complete payment of premium for the then current policy year will be deducted from the amount payable hereunder."

In the third paragraph, which relates to the incontestibility of the policy, this language occurs:

"The contract shall be incontestable after one year from its date of issue, except for nonpayment of premium."

These are the only provisions of the policy from which even an inference of forfeiture may be drawn. It has long been established in this state that a policy of life insurance is an entire contract and not a separable contract from year to year dependent upon the prompt payment of premiums, and in conformity with this principle it has frequently been held that the payment of the premium is merely a condition subsequent; that after the policy has once become effective it will not be declared forfeited by failure to pay a premium installment in the absence of express language in the contract

necessarily creating a forfeiture for such reason. In the case of Friend v. Southern Life Ins. Co., 58 Okla. 448, 160 Pac. 457, Justice Sharp, in the fourth paragraph of the syllabus, said:

"Ordinarily the payment of an annual premium on a policy of life insurance, after the policy has become effective by the payment of the first year's premium, is not a condition precedent to the continuance of the policy, but, on the contrary, is a condition subsequent only, the non-performance of which may incur a forfeiture of the policy, or may not, according to the circumstances."

To the same effect are: National Life Ins. Co. v. Clayton, 70 Okla. 116, 173 Pac. 356; American Nat. Ins. Co. v. Rardin, 74 Okla. 146, 177 Pac. 601; General Accident, Fire & Life Assur. Corp. v. Hymes, 77 Okla. 20, 185 Pac. 1085; Friend v. Southern States Life Ins. Co., 80 Okla. 76, 194 Pac. 204; Kansas City Life Ins. Co. v. Harper, 90 Okla. 116, 214 Pac. 924.

Evidently the true purpose and intent of these holdings, where a forfeiture is not clearly expressed, is to make the question of forfeiture one of fact to be determined by the jury from the terms of the policy and all of the other facts and circumstances in evidence, under proper instructions by the court. By paragraph five of the provisions attached to and made a part of the contract it is provided as follows:

"This policy shall participate in surplus, and, upon payment of the second year's premium and at the end of the second and of each subsequent policy year, while this policy is in force by payment of premiums and thereafter when fully paid, the company will determine and account for the portion of the divisible surplus accruing thereto. These dividends, at the option of the owner, will be applied in any year to reduce the premium, to increase the amount of insurance, or to accumulate to the credit of this policy at 3 per cent. compound interest per annum, this interest rate to be increased annually by such addition as may be awarded by the board of trustees, which accumulation will be payable at the maturity of this policy, or may be withdrawn at any premium anniversary. If no other option is selected, dividends will be paid in cash."

It is therein provided that after payment of the second year's premium and at the end of the second year "the company will determine and account for the portion of the divisible surplus accruing thereto." Since it is admitted that there was due the insured on this policy at the end of the second year the sum of $17.03, here was a clear duty assumed by the company to account to him for that amount. It is further provided:

"These dividends, at the option of the owner, will be applied in any year to reduce the premiums," etc. It is contended by defendant that the insured exercised this option in his application for insurance. That contention is based on question and answer No. 8, as follows:

"How is surplus to be used? To accumulate at 3 per cent. interest."

If this constituted an irrevocable election, as is in effect the contention of defendant, why were the provisions of paragraph five made a part of the policy afterward issued on this application? By that paragraph the option is recognized as existing and as capable of being exercised "in any year to reduce the premium." Where a provision in a policy is in conflict with a provision on the same subject in the application the policy provision controls. Travelers' Fire Ins. Co. v. Mercer, 32 Okla. 503, 122 Pac. 134. How must this opinion be exercised? The policy is silent as to this. But since the right is recognized to exist, and since the duty of the company to account is clearly expressed, a way of exercising it is necessarily concomitant. By paragraph two, quoted above, the insured is allowed 31 days' grace for the payment of any premium or installment. It seems reasonable that a failure to pay within the 31 days' grace period is an exercise of his option to have his accruals applied on his premium. It is absurd to say that he desired the accumulation on his policy to remain as a 3 per cent. investment when by such choice he would terminate the accumulations. He had a right to rely on the clearly expressed duty of the company "while this policy is in force" (which includes the 31 day period) to "account for the portion of the surplus" accrued at the end of the second year to him as "the owner". Whether this accumulation was sufficient to pay a quarterly premium is a question of fact to be determined by the jury. But it was a clear duty of the company, when the premium was not paid promptly on the due date, to "account for the portion of the surplus" due "the owner" "while this policy is in force," and if the sum so accounted for was insufficient to discharge the premium installment then due, the insured could remit within the 31 days an amount sufficient to cover the difference and keep his policy in force, or he could elect to take his accumulations and let the policy lapse. This right of election, however, was vested in him and not in the company for him. This construction of the material provisions of this policy is deemed consonant with the rule announced by this court, as follows:

"If a policy of insurance is susceptible of two constructions, that one is to be adopted which is more favorable to the assured." Taylor v. Insurance Co. of North America, 25 Okla. 92, 105 Pac. 354; Federal Life Ins. Co. v. Lewis, 76 Okla. 142, 183 Pac. 975; Standard Accident Ins. Co. v. Hite, Adm'r, 37 Okla. 305, 132 Pac. 333; Friend v. Southern States Life Ins. Co., 80 Okla. 76, 194 Pac. 204; Barnett v. Merchants Life Ins. Co., 87 Okla. 42, 208 Pac. 271.

By paragraph 4 of the court's instructions the jury was told:

"You are instructed, gentlemen of the jury, that both plaintiff and defendant admit that the premium was paid in full and the policy is in force on June 9, 1922, and the only issue for you to determine is whether the policy was continued in force for any other premium paying period by payment of money, or giving a premium note or by the application of accrued dividends."

Nowhere in the instructions was the jury advised that any duty rested on the defendant to account to the insured for the accumulated surplus on the policy while the policy remained in force. On the contrary, by paragraph four the jury was expressly limited to the sole issue of whether the premium was paid in cash, by note, or by application of dividends. By paragraph 12 the jury was told that no liability existed on the policy unless the evidence showed payment of the premium within 31 days from its due date, and the jury was expressly told that the accumulated dividends on the policy had been tendered into court thus practically telling the jury that it had not been applied to the payment of premium under the sole issue submitted in paragraph four. Thus the error of the court in striking the substance of the first paragraph of plaintiff's reply was carried into and became a part of the instructions. That this error was prejudicial is apparent from the fact that the death of the insured occurred September 16, 1922, which would have been during the life of the policy if the company had performed its duty of accounting and the insured had thereupon exercised his option of applying the accumulation to "reduce the premium". Having the right to compel this election by performing its duty to account, the company could and did waive this right by failing to account while the policy was in force. Having retained the accumulations, which belonged to the insured, for more than 31 days after the end of the second policy year without any suggestion of their insufficiency to continue the policy in force it is estopped, after the death of the insured, to claim a forfeiture of the policy on that ground alone, there being no express pro-

vision in the policy making nonpayment of premium work a forfeiture thereof. Even where there is as express provision for forfeiture, this court has repeatedly held that such provision may be waived by acts inconsistent with an intention to insist upon it. Pacific Mutual Life Ins. Co. v. O'Neil, 36 Okla. 792, 130 Pac. 270; Pacific Mutual Life Ins. Co. v. McDowell, 42 Okla. 300, 141 Pac. 273; Germania Ins. Co. v. Barringer, 43 Okla. 279, 142 Pac. 1026; Mutual Life Ins. Co. v. Chattanooga Sav. Bank, 47 Okla. 748, 150 Pac. 190; National Life Ins. Co. v. Clayton, 70 Okla. 116, 173 Pac. 356.

It is therefore concluded that because of the error of the trial court in its order sustaining defendant's motion to strike, and because of erroneous instructions to the jury as contained in paragraphs four and twelve, this cause should be reversed and remanded, with directions to grant plaintiff a new trial.

By the Court: It is so ordered.