## WASHINGTON NATIONAL INS. CO. v. DeLANCY.

No. 25825.   March 24, 1936.

Roscoe E. Harper and Gentry Lee, for plaintiff in error.

J. B. Underwood, for defendant in error.

PER CURIAM. John M. DeLancy, as plaintiff, recovered a judgment on an insurance policy issued by the Washington Na-

tional Insurance Company on the life of Prudy DeLancy. in which policy the plaintiff has been named as beneficiary. The insurance company has appealed. The parties will be referred to as they appeared in the court below.

The plaintiff's petition, with the insurance policy attached, alleged the issuance and delivery of the policy on or about January 16, 1933 the death of the insured on January 26, 1933, from accidental means while the policy was in force and effect, due proof of loss and the performance of all the terms and conditions of the policy. The answer consisted of a general denial admitting the issuance of the policy, and in paragraph 4 specifically pleaded that the issuance of the policy was obtained by fraud and misrepresentation in that the insured in the application had represented his age as being 52 years, while, as a matter of fact he was around 70 years of age, and such false representations were made for the purpose of securing the policy and had been relied upon and the same being false the company e'ected to rescind the contract and tendered into court the premiums paid. A copy of the application for insurance was attached to the answer. The fifth paragraph alleged that the policy was void because it specifically provided that no risk over 52 years of age would be accepted, and if the insured was over that age the policy was null and void. The sixth paragraph alleged that the policy was procured by false and fraudulent misrepresentations of the insured, as above set out. in which the plaintiff. as beneficiary, had participated and had paid all of the premiums, a'l of which were a part and parcel of a scheme conceived and executed by the plaintiff to defraud the defendant, by reason of which the plaintiff was estopped to claim any benefits under the policy.

On motion of the plaintiff the trial court struck from defendant's answer paragraphs 4 and 6 and also the application for insurance attached as an exhibit to the answer.

The amended answer conformed to the ruling of the trial court. The issues being thus joined a trial resulted in a verdict for the plaintiff.

The defendant urged several errors, but the view we take of the case requires the consideration of only one:

**"Error in striking paragraphs 4 and 6 of defendant's answer and striking the application for insurance attached thereto, and in refusing to permit the defendant to prove that said policy was procured by fraud and misrepresentation."**

An examination of the policy sued upon discloses it to be what is commonly called "Industrial Insurance." 31 C. J. p. 966; Prudential Ins. Co. of America v. Hill, 174 Okla. 33 49 P. (2d) 1067.

No doubt the trial court struck the application for insurance from the answer and refused its admission in evidence on the authority of section 10519, O. S. 1931. This being an industrial insurance policy, this section does not apply. Sec. 10530, O. S. 1931. The latter section expressly makes section 10519. supra, inapplicable to industrial insurance policies. In Prudential Ins. Co. of America v. Hill, supra, in passing upon an identical question, we said:

"Therefore, we conclude that the policy in question is an industrial policy, and hold that the application with the statements therein contained need not be attached to the policy in order that the same may be admissible in evidence."

The application should not have been stricken from the answer and was admissible in evidence.

We think the court erred in striking from the answer and refusing to permit the defendant to prove its special defense that the policy was procured by means of false and fraudulent misrepresentations and was part and parcel of a scheme of the insured to defraud defendant, participated in by the plaintiff-beneficiary.

In Couch's Cyclopedia of Insurance Law, vol. 8, p. 6947, the author says:

"In the absence of statutory or contract elimination of fraud as a defense, it may always be relied on by either party to a contract of insurance as a defense to an action upon the policy, at least unless there is an estoppel. And fraud may exist as the result of representations, etc.. made either in the procuring or the issuing of the policy, or in causing a loss thereunder."

At page 6948 of the same volume we find:

"In fact, intentional fraud as to material matters practiced in procuring a policy of life insurance vitiates the policy at the option of the insurer, upon discovery thereof, or affords a good defense to an action thereon, as the case may be. And conspiracy in making an application for insurance, in being examined therefor, and in procuring the same, may be shown even though the application has not been attached to the policy so as to make it a part of the contract of insurance."

In 32 C. J. p. 1270, it is said:

"The insurer is not liable upon a policy obtained through the fraud of insured or of

his agent, except where the circumstances establish a waiver of, or an estoppel to assert, such fraud. So a fraudulent purpose upon the part of insured in procuring a policy of insurance which is subsequently carried into execution will constitute a good defense to the liability on the policy."

In the case of Continental Casualty Co. v. Owen, 38 Okla. 107, 131 P. 1084, it was said:

"The plaintiff brought suit upon a policy of life insurance issued to her intestate, and the defendant answered that the policy was procured by fraud practiced upon the company in regard to the risk. **It is elementary law that this, if proved, would be a good defense.** Proof might be made by showing material false and fraudulent representations, whether oral or in writing, and reliance upon them as an inducement to the issuing of the policy."

The defendant's original answer had alleged fraud as a defense. The trial court struck from the answer such defense, while the defendant was entitled to submit proof on these questions and have them submitted to a jury.

The question of false statements and fraud, their materiality, and the intention of the insured and beneficiary to deceive, were questions of fact for the jury after the admission of all competent proof, and under proper instructions as to the law applicable thereto. American Bankers Ins. Co. v. Hopkins, 67 Okla. 150, 169 P. 489; N. Y. Life Ins. Co. v. Stagg 95 Okla. 252, 219 P. 362.

The defendant was deprived of a substantial right, the opportunity to fully plead and prove its defense that fraud was practiced by the insured and beneficiary, plaintiff, in regard to the risk. It was entitled to fully plead such defenses and introduce all competent evidence in support thereof. Depriving it of this right constitutes prejudicial error and requires a new trial. Davis v. Penn Mutual Life Ins. Co., 106 Okla. 155, 233 P. 434; Prudential Insurance Co. of America v. Hill, supra.

For these reasons the judgment is reversed and cause remanded, with directions that a new trial be granted.

The Supreme Court acknowledges the aid of Attorneys Lynn Adams and Morgan Eddleman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Adams and approved by Mr. Eddleman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.